JOHN B. MAAS, NICHOLAS LONSTORF AND JOHN P. MITCHELL v. PETER WHITE.

*Practice—Questions of Fact.*

Conflicting evidence must go to the jury where a finding upon it is possible in law.

W. having agreed to ship a quantity of pig iron for M., L. & M. together with some of his own, sent it all in his own name to a Cleveland firm and gave M., L. & M. a paper certifying that 884 tons was iron on which they had a first lien, and that all it brought over and above the amount due them, and the charges, was to go to pay his own lien. Nothing being received from the consignees, W. gave M., L. & M., at their request, an order on the firm for the iron, and notified the firm to settle with M., L. & M. without recourse to him. M., L. & M. then gave up the former certificate to W. They

afterwards sued him in assumpsit for damages sustained from his failure to perform the agreement under which he had forwarded the iron for them, and the evidence was conflicting as to the nature of the arrangement under which the iron was received and shipped, and as to whether there was an absolute agreement for advances to be paid M., L. & M., and whether such advances as W. had received were on the whole mass of iron, or in answer to drafts on specified lots of his own. *Held*, that a ruling that the reception by M., L. & M. of the order on the firm was a final settlement as between the parties, and left M., L. & M. to their remedy against the firm, could not be sustained, and that the plaintiffs were entitled to have the evidence submitted to the jury under proper instructions.

Error to Marquette. Submitted June 15. Decided June 19.

Assumpsit for damages sustained from the failure of defendant to fulfill his agreements with plaintiffs. The facts are in the opinion.

*Ball, Black & Owen* for plaintiffs in error.

*W. P. Healy* and *G. V. N. Lothrop* for defendant in error.

Graves, J. In the summer of 1874 the plaintiffs in error controlled and were interested in a quantity of pig iron lying at Marquette for shipment, and the defendant in error being about to ship a quantity which he owned, it was agreed that he should likewise ship that of plaintiffs in error. On the basis of the arrangement thus made, the defendant in error sent the iron belonging to himself and that of plaintiffs in error to Rhodes & Co. of Cleveland, Ohio. The whole was sent in his name and on his account.

Rhodes & Co., through one of the firm, Mr. Hanna, had just previously informed defendant in error that the firm would receive from five hundred to two thousand tons and pay lake freight and dockage not to exceed two dollars per ton and advance $25.85 per ton.

Late in the fall the plaintiffs in error, being informed

that their iron had been shipped to Rhodes & Co. in the name of defendant and on his account, called on him for some written evidence of their right, and on the 2d of January, 1875, he gave them the following paper:

"*Messrs. Maas & Lonstorf, Negaunee:*

DEAR SIRS: This is to certify that of the Michigan pig iron shipped by me to Rhodes & Co., Cleveland, Ohio, for account of Peter White, between Sept. 10th and Nov. 3rd, 1874, eight hundred and eighty-four tons was iron upon which you had a first lien, amounting, as per your statement to me, to the sum of twenty thousand seven hundred fifty-five and 07-100 dollars, under date Nov. 9, 1874, and interest since that date.    And all that this iron brings, over and above the amount your due and freight and other proper charges, is to go to pay my lien, which is of course, second to yours.

PETER WHITE.

1st Nat. Negaunee,        $8,701.58 ⎫ $20,755.07."
Maas & Lonstorf,          12,053.49 ⎭

Failing to receive any thing by way of advances or otherwise on account of the iron, and getting no information from Rhodes & Co. in reply to communication made to that firm therefor, the plaintiffs called on defendant and asked for an order for the iron, and informed him that they would try and get it and dispose of it in order to realize the proceeds.

The defendant under date of June 8, 1875, thereupon executed and gave to the plaintiffs the following order:

"*Rhodes & Co., Cleveland, O.:*

DEAR SIRS: You will please transfer to the account of J. B. Maas and N. Lonstorf eight hundred and eighty tons of "Michigan" pig iron, shipped to you for account of Peter White.   *The iron belonged to them when I shipped it, and was shipped in my name for convenience*, expecting that under the contract with Mr. Hanna they would get their money as soon as it arrived in Cleveland, and now I transfer the iron back to said parties.   You will settle with them, and all without further recourse to me.

Yours truly,
PETER WHITE."

On receipt of this paper the instrument given in January

before was surrendered to defendant.. Subsequently the plaintiffs brought this suit and alleged that the defendant received the iron to be shipped on their account and on his undertaking that they should receive advances at the rate of twenty-five dollars and eighty-five cents per ton, and that he shipped in his own name instead of theirs and had failed to keep his agreement that they should have advances. They also alleged that they had received nothing as proceeds of the iron, and that they had been deprived of the value of the iron as a consequence of defendant's shipment in his name and on his account instead of theirs.

They gave evidence tending to show that immediately after the delivery to them of the order of June 8th they received from Rhodes & Co. a letter concerning the iron, and in which that firm insisted that they had a lien on the whole lot on account of advances made thereon; that plaintiffs on the next day called on defendant and expressed apprehension that they might not get their iron, upon which he told them if they would go down and present the order and the iron was not turned over to them or the proceeds of it paid to them, he would pay the amount himself; that they called on Rhodes & Co. and presented the order and requested a transfer to their account or the payment of the proceeds subject to any proper charge for freight or dockage held against the iron, and that the firm refused; that nothing had been received on account of the iron either by plaintiffs or the bank they represented, and that at the time of shipment the iron was worth on the wharf at Marquette from $26 to $28; that on the refusal of Rhodes & Co. the plaintiffs informed defendant thereof and requested him to make payment as they claimed he had agreed to do, and that he refused.

The evidence was conflicting in regard to the nature of the arrangement under which plaintiffs' iron was received and shipped by defendant, and as to whether there existed an absolute agreement for advances, and as to whether such advances as defendant had received were indiscriminate and on the whole mass of iron Rhodes & Co. had received, or

were made in answer to drafts by defendant on specified lots of his own iron.    And the case states that defendant gave evidence tending to show that he consented to ship and did ship the iron for the plaintiffs, at their request, and purely for their accommodation and without compensation; and that he shipped it for them precisely in the manner agreed upon between him and the plaintiffs; and that he had not obtained any advances of money upon any of the iron of the plaintiffs; that the same was free of any lien of Rhodes & Co. other than for freight advanced and other legitimate charges made by them; that the order of June 8th was given by him as a final settlement of the matter with the understanding that he (defendant) was to have nothing more to do with the matter; and that he did not promise to pay plaintiffs for the iron in case of their not obtaining it on the order.

The circuit judge was of opinion that the giving and reception of the order of June 8th and its retention by the plaintiffs amounted to a final settlement as between these parties of the whole controversy and left the plaintiffs to look to Rhodes & Co. for whatever redress might be claimed, and acting on this opinion he refused to submit the case to the jury on the facts, and directed a verdict for the defendant.

We are unable to assent to this ruling.

The case does not come up in such form as to authorize any special discussion.

The facts have not been ascertained and we cannot anticipate their character.

We are of opinion, however, that the plaintiffs were entitled to have the evidence submitted under proper instructions.    It was conflicting, but a finding upon it in favor of plaintiffs for some amount was in law possible, and it was hence necessary to take the sense of the jury upon it. *Clark v. McGraw,* 14 Mich., 139; *Strong v. Saunders,* 15 Mich., 339; *Richardson v. Boston,* 19 How., 263; *Stone v. Flower,* 47 N. Y., 566.

In some particulars the declaration is open to criticism,

but no defect of sufficient importance is discovered to authorize us to say the error of the court worked no prejudice.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.