In THE MATTER OF THE ESTATE OF SARAH ANN YOUNG, DECEASED.

*Claim for services to deceased relation.*

A man brought a claim against the estate of his sister-in-law for board, lodging and services during her last sickness. *Held* that it was for the jury to determine, in view of the relationship, wealth and social position of the parties, the nature of the services, and other circumstances, whether there was a promise to pay.

Error to Wayne.   Submitted October 16.   Decided October 22.

APPEAL to the circuit court from the allowance by commissioners in probate of $196.88 on a claim by George G. Torrey against the estate of his wife's sister, Sarah Ann Young, for board, lodging, washing, fuel, light, nursing and other services furnished to her. The circuit judge instructed the jury to find for the estate and disallowed the claim, and the claimant brings error.

*John H. Bissell* and *Fred T. Sibley* for plaintiff in error. *Indebitatus assumpsit* lies against an estate for the value of board and services rendered the decedent, *Strong v. Saunders*, 15 Mich., 339; and it is for the jury to deter-

mine from the circumstances whether there is an obligation to pay, *Ward v. Warner*, 8 Mich., 508; *Hosmer v. Wilson*, 7 id., 294; 2 Greenl. Ev., § 102; *Gordner v. Heffley*, 49 Penn. St., 163; *Cannon v. Windsor*, 1 Houst., 143; *Guild v. Guild*, 15 Pick., 129.

*Ed. E. Kane* for defendant in error. Where services are given on account of relationship and natural affection and with no intention at the time of charging for them, no promise to pay for them is implied in law, *Fitch v. Peckham*, 16 Vt., 157; *Andrus v. Foster*, 17 Vt., 561; *Weir v. Weir's adm'r*, 3 B. Mon., 649; *Updike v. Titus*, 13 N. J. Ch., 153; *Partlow v. Cooke*, 2 R. I., 454; *Resor v. Johnson*, 1 Cart. (Ind.), 100; *Robinson v. Cushman*, 2 Den., 153; *Dye v. Kerr*, 15 Barb., 445; *Bowen v. Bowen*, 2 Bradf. Sur. 336; *Candor's Appeal*, 5 W. & S., 516; *Defrance v. Austin*, 9 Penn. St., 310; *Steel v. Steel*, 12 id., 66; *Zerbe v. Miller*, 16 id., 496; *Hertzog v. Hertzog*, 29 id., 470; *Mosteller's Appeal*, 30 id., 473; *Duffey v. Duffey*, 44 id., 403; *Butler v. Slam*, 50 id., 461; 2 Pars. Cont., 46; *Hartman's Appeal*, 3 Grant's Cas., 275; *Swires v. Parsons*, 5 W. & S., 357; *Lantz v. Frey*, 14 Penn. St., 202; *Hussey v. Roundtree*, Busbee N. C. Law, 112; *Alfred v. Fitzjames*, 3 Esp. 3; *Cauble v. Ryman*, 26 Ind., 207; *King v. Kelly*, 28 Ind., 90; *Williams v. Hutchinson*, 5 Barb., 124: 3 N. Y., 317; *Willcox v. Willcox*, 48 Barb., 329; *James v. O'Driscoll*, 2 Bay, 101; see *St. Jude's Church v. Van Denberg*, 31 Mich., 287; *Lange v. Kaiser*, 34 Mich., 318.

MARSTON, J. We are of opinion that the court erred in withdrawing this case from the consideration of the jury, and in charging that the facts proved were not sufficient to entitle the claimant to a verdict.

The case should have been submitted to the jury under proper instructions, as it was for them to say whether, under all the facts and circumstances in the case, there was a promise to pay.

The relationship existing between the parties at the time the claim accrued would not be conclusive against the right to recover, even although no express promise to pay was proven. No absolute rule can be laid down; each case must be determined as it arises. Facts apparently light and trivial may in one case indicate that no compensation was intended or contemplated by either party, while in another, the same or similar facts, in the light of all the surrounding circumstances, such as the degree of relationship existing, the wealth and social position of the respective parties, the services performed, and the nature and character of the same, may with more or less clearness point to an entirely different conclusion. The charge of the court must have proceeded upon the theory that the relationship existing, in the absence of an express promise, was a complete legal bar to the right to recover in any and all such cases. Such we think is not the law. It may raise a strong presumption, but it is not by any means conclusive.

The judgment must be reversed and a new trial ordered, with costs.

The other Justices concurred.