### EDWIN F. CONELY v. HENRIETTA McDONALD.

*Interrogatories — Scintilla of evidence—Questions for the jury — Findings of fact not reviewable on error—Ugliness may be shown in proof of mental derangement.*

Interrogatories must not be so framed as to allow the deponent to express opinions based on hearsay.

Where there is only a *scintilla* of evidence on any essential fact the case should be taken from the jury.

Where the evidence has a legal tendency to make out a proper case in all its parts, its weight and sufficiency, however slight, is a question for the jury alone.

Where a jury's finding of an essential fact is wholly unsupported by evidence, it is erroneous as matter of law, but where it is supported by any evidence, however slight, it is a finding of fact and cannot be reviewed on writ of error.

Facts tending to show testamentary incapacity are admissible even if they antedate the making of the will; the difference of time only affects their weight, which is for the jury to determine.

Sudden irritability, moroseness, and unprovoked profanity, indicating a complete and radical change of disposition, may be shown, in connection with other facts, as tending to prove 'mental derangement.

Costs of proceedings to establish the validity of a will as against one previously executed are awarded against the estate and not against the proponent, when the latter has been designated by the court to represent the parties interested.

Error to Wayne. Submitted November 22, 1878. Decided January 14, 1879.

APPEAL from an order of the Probate Court admitting to probate an instrument purporting to be the last will of Firth A. McDonald. The plaintiff in error was named as executor in this instrument, and was designated by the probate court as the representative on the appeal, of all the parties interested. The Circuit Court directed the framing of an issue, and the plaintiff in error appeared as proponent of the instrument, and alleged that it was the last will and testament of Firth A. McDonald, and that at the time of its execution he possessed the necessary lawful qualifications to its due execution by him. The appellant and contestant, who was the widow of McDonald, pleaded the general issue with notice that she would· show that the instrument relied on was not her husband's last will; that its execution was obtained by fraud and undue influence of Joel McDonald and others; that Firth A. McDonald was of unsound mind and memory when he signed and executed it, and that its provisions were contrary to the just and legal rights of the appellant. The jury found that the instrument propounded was not the last will and testament of Firth A. McDonald, and it was so adjudged. The proponent Conely brought error.

*Maybury & Conely, Fred. A. Baker* and *Ashley Pond* for plaintiff in error.

*Chas. B. Howell, C. I. Walker* and *J. Logan Chipman*

for defendant in error, cited as to testamentary capacity, *Kempsey v. McGinniss*, 21 Mich., 141; *Parish Will Case*, 25 N. Y., 105; 1 Redf. on Wills, 126, and criticised the rule that a case ought not to be submitted to the jury unless there is evidence that ought reasonably to satisfy it that the fact sought to be proved is established, referring to *Wittkowsky v. Wasson*, 71 N. C., 451; *Improvement Co. v. Munson*, 14 Wall., 448; and to *Ryder v. Wombwell*, *Pleasants v. Fant*, *Com. v. Clark*, and *Ins. Co. v. Rodell*, reviewed in the opinion. Marked changes in temper, disposition and character may indicate insanity. Redfield on Wills, 67–69.

Marston, J. Under the issue as framed in this case, evidence tending to show undue influence was competent and admissible in evidence. The court in charging the jury, being of opinion that upon this branch the testimony did not tend to show undue influence, withdrew that question from their consideration.

The answer of the witness Frances A. Estabrook to the twenty-seventh interrogatory* was properly excluded. The interrogatory as framed permitted her to base her opinion in part upon what she had heard within a given time. This it is claimed from the form of the question could only mean and be understood by her as to what she had heard deceased say. The question is not so limited, and she clearly may have understood it in a different sense. Where a party insists upon an answer to an interrogatory he must see that it is not susceptible of a construction which would enable the witness in

---

* The twenty-seventh interrogatory was as follows:

"Taking into consideration his appearance, his manner, his actions, his conversation with yourself and with others, and from every thing else you saw or observed of him, or heard between his arrival from California and his leaving for Detroit, state what at this time was, in your opinion, the mental condition of Firth A. McDonald, sound or unsound?"

The response of the witness in her deposition was "Sound."

The interrogatory was objected to on the ground that it called for an opinion not only from what the witness herself saw and heard, but from what she heard from others.

The objection was sustained and exception was taken to the ruling.

answer thereto, to testify concerning matters clearly incompetent, or as in this case to express an opinion, based upon hearsay evidence, the nature or character of which would be wholly unknown.

After the evidence was all in, counsel for proponent requested the court to instruct the jury, 1st, "There is no evidence in the case tending to show that the testator when he executed the will in controversy was in any respect of unsound mind, and the jury are therefore bound to assume that he was fully competent to make such a will;" 2d, "Upon the whole case the verdict must be for the proponent." These requests were refused, and to the charge as given no exceptions were taken.

It was not seriously disputed on the argument but that there was testimony in the case tending to show that the testator did not have sufficient capacity to make the will in question. It was, however, urged very strenuously that there was not sufficient evidence, all of which is returned, to sustain the verdict in this case, and consequently that the second above request to charge should have been given.

We had supposed that the law was well settled in this State as to the duty of the court under such circumstances. It is true the question may not have been discussed at length, and the authorities bearing thereon cited in any one particular case, but the question has frequently been referred to and acted upon in cases where perhaps, at least in some of them, it was of minor importance. As the question is one of importance in this case, and has been ably argued and authorities cited, more especially the decisions of the English courts and of the Supreme Court of the United States, it may be well to consider the matter at some length and see what the true rule is or should be in all such cases, and in the light thereof determine the controversy in this case. In England the rule is laid down that a scintilla of evidence clearly would not justify the judge in leav-

ing the case to the jury; that there must be evidence on which they might reasonably and properly conclude that the issue was proven. See *Ryder v. Wombwell*, Law Rep., 4 Exch., 38, where many of the cases are collected and citations therefrom given.

When we turn to the decisions of the United States Supreme Court, it would seem at first view as though the rule there laid down was not uniform, especially as between some of the later and earlier cases. As, however, the earlier cases are cited in support of those later, we think there was no intention to overrule the former, which certainly were very clear upon this question. A brief reference to some of them may be permitted.

In *Pleasants v. Fant*, 22 Wall., 122, the true principle was said to be "that if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury." In *Commissioners v. Clark*, 94 U. S., 284, following the English rule, it was said a scintilla would not be sufficient; that "before the evidence is left to the jury, there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed."

In *Schuchardt v. Allens,* 1 Wall., 369, it was said, "A circuit court has 'no authority to order a peremptory nonsuit against the will of the plaintiff.' Where there is no dispute about facts, and the law arising upon them is conclusive against the right of the plaintiff to recover, it is proper for the court so to instruct the jury. If the evidence be not sufficient to warrant a recovery, it is the duty of the court to instruct the jury accordingly. 'This is equivalent to a demurrer to the evidence, and such an instruction ought to be given whenever the evidence is not legally sufficient to serve as the foundation of a verdict for the plaintiff.' This practice 'has in many of the

States superseded the ancient practice of a demurrer to evidence. It answers the same purpose and should be tested by the same rules. A demurrer to evidence admits not only the facts stated therein, but also every conclusion which a jury might fairly or reasonably infer therefrom.'"

In *Drakely v. Gregg*, 8 Wall., 268, Davis, J. said: "The only question with which we have to deal at the present time is, whether the evidence in this record *tended* to prove the position assumed by the plaintiffs in error; for if it did, the learned court should either have submitted the evidence on this point to the consideration of the jury, or if, in the opinion of the court, there were no material extraneous facts bearing on this question, and the contract relied on must be determined by the commercial correspondence alone, then to have interpreted this correspondence and informed the jury whether or not it proved the contract to be of the character contended for by the plaintiffs in error.". The evidence in this case consisted of a voluminous correspondence, and some parol proof explanatory of the conduct of the parties, and the duty of the court in reference to a construction of the written correspondence, and of the jury as to the extraneous facts were clearly distinguished.

In *Hickman v. Jones*, 9 Wall., 201, the court instructed the jury to acquit the defendants. Swayne, J. said: "There was some evidence against both of them. Whether it was sufficient to warrant a verdict of guilty was a question for the jury under the instructions of the court. The learned judge mingled the duty of the court and jury, leaving to the jury no discretion but to obey the direction of the court. Where there is no evidence, or such a defect in it that the law'will not permit a verdict for the plaintiff to be given, such an instruction may be properly demanded, and it is the duty of the court to give it. To refuse is error. In this case the evidence was received without objection, and was before the jury. It tended to maintain, on the part of the plaintiff, the

issue which they were to try. Whether weak or strong, it was their right to pass upon it. It was not proper for the court to wrest this part of the case, more than any other, from the exercise of their judgment. The instruction given overlooked the line which separates two separate spheres of duty. Though correlative, they are distinct, and it is important to the right administration of justice that they should be kept so. It is as much within the province of the jury to decide questions of fact as of the court to decide questions of law. The jury should take the law as laid down by the court and give it full effect. But its application to the facts—and the facts themselves—it is for them to determine. These are the checks and balances which give to the trial by jury its value. Experience has approved their importance. They are indispensable to the harmony and proper efficacy of the system. Such is the law."

In *Insurance Co. v. Rodel*, 95 U. S., 238, Bradley, J. said: "It is hardly necessary to say, that, if there was any evidence tending to prove that the deceased was insane when he took the poison which caused his death, the judge was not bound to, and indeed could not properly, take the evidence from the jury. The weight of the evidence is for them, and not for the judge, to pass upon. The judge may express his opinion on the subject, and in cases where the jury are likely to be influenced by their prejudices, it is well for him to do so; but it is entirely in his discretion."

Assuming that the English rule as already stated, which was followed and approved in *Commissioners v. Clark*, 94 U. S., 284, means just what is said, that a scintilla of evidence would not justify the judge in leaving the case to the jury, I can fully concur therein. Such a rule would be no more than what has repeatedly been followed in this State. In *Kelly v. Hendrie*, 26 Mich., 256, it was said: "If, upon any point essential to a recovery, the evidence bearing on it is open to but one meaning, and that meaning is plainly and necessarily

adverse to the plaintiff, then he has no ground of complaint" if the court takes the case from the jury. There may be a "scintilla," in other words a "spark" or "the least particle" of evidence in a case, and yet fall far short of what is essential. It frequently happens on the trial of a cause that proof of one fact has of itself a tendency to prove others which are material and necessary to establish the cause of action, while in other cases each fact is so separate and distinct that proof of one raises no presumption whatever in support of another.

As was said in *Perrott v. Shearer*, 17 Mich., 54, whether evidence bearing upon a certain point tends to establish it or not, may depend not alone upon that particular item of evidence, but upon that considered in its relation to other evidence which may so far qualify and explain it that it shall have no tendency whatever to prove the position for which it was offered, and which if it were the sole evidence in the case it might appear to establish. The duty to examine, weigh and compare in these cases is not entrusted to the judge; these are matters lying within the peculiar province of the jury.

In *Gaines v. Betts*, 2 Doug. (Mich.), 98, it was held that a judgment should not be reversed on the ground that the verdict of the jury was against evidence, unless it appeared there was a total want of testimony to sustain the finding.

In *Berry v. Lowe*, 10 Mich., 15, where the question came up upon writ of error, it was said: "If the alleged error is a total want of evidence to prove some fact necessary to sustain the judgment, the court will look into the testimony to see whether there was such evidence or not. If there was, it will not weigh it, or inquire into its sufficiency, but affirm the judgment. If the return shows no such evidence, and it appears all the testimony before the justice has been returned, the judgment will be reversed on the ground that the justice erred, in law, in rendering the judgment he did without such evidence." Or, as was said in *Hyde v. Nelson*, 11 Mich., 357, where

the question came up on certiorari, "It is only when there is an entire absence of proof upon some material fact found, that such finding becomes erroneous as a matter of law."

The doctrine laid down in these cases has always been strictly adhered to in this State. In addition to the cases already cited, see *Blackwood v. Brown,* 32 Mich., 107, and authorities there referred to; *Maas v. White,* 37 Mich., 130, and *Elliott v. Van Buren,* 33 Mich., 52, where it was said to be "not in the province of an appellate court to consider of the amount of the verdict, or the weight of the evidence. The court of trial may set aside a verdict which violates justice, and it is to that tribunal that parties must apply for relief against excessive damages or any other of the wrongs for which it may be right to grant a new trial. We are bound in all cases to assume that the jury have done no legal wrong when acting within their province."

It seems to me that this is the only safe rule. Under our system of jurisprudence, the jury is called to pass upon the facts.

It is not only their privilege but their right to judge of the sufficiency of the evidence introduced to establish any one or more facts in the case on trial. The credibility of witnesses, the strength of their testimony, its tendency and the proper weight to be given it, are matters peculiarly within their province. The law has constituted them the proper tribunal for the determination of such questions. To take from them this right is but usurping a power not given. The jury should be left entirely free to act according to their own judgment. Where there is a total defect of evidence as to any essential fact, or a spark, the least particle, a scintilla as it is termed, the case should be withdrawn from the consideration of the jury. Where, however, the evidence introduced has a legal tendency to make out a proper case in all its parts, then, although it may in the opinion of the trial court or the appellate court be slight, inconclusive, and far

from satisfactory, yet it should be submitted to the jury, whose proper province it is to consider and determine its tendency and weight.

When there is a total want of evidence upon some essential fact, but the jury nevertheless find such fact, the finding is erroneous as matter of law, but when there is slight evidence in support thereof a finding thereon would be one of fact, upon which men might differ in opinion, but for a court to attempt the correction thereof upon writ of error would be but a correction of errors in fact and not in law, a power which this court does not possess.

As already said, it was conceded on the argument that there was some testimony given in this case tending to prove the issue. True it referred to a period some time prior to the time of making the will, yet that did not render it incompetent, but rather went to the effect, or weight and importance to be attached to it. It was proper to be considered by the jury with all the other evidence introduced in the case bearing upon that question. Much other testimony was introduced,—testimony that was clearly admissible as bearing upon the issue made. It was argued, however, that much of it had no tendency whatever to support the issue; that the irritable disposition and profane language used by the testator did not tend to prove incapacity. There are many people who habitually indulge in the use of profane language, and should they abstain therefrom for any definite length of time, it would be considered as something remarkable indeed, while there are others of a mild, gentlemanly disposition, who were never heard to utter a profane word or supposed by any to harbor an unclean thought. Should such an one become irritable, morose, and addicted to the use of profane language, and especially at times and on occasions when no cause or provocation had been given, would not such a change be considered passing strange indeed, and might it not when

considered in the light of other circumstances, indicate quite clearly a deranged state of mind?

All these things were proper arguments to be addressed to and considered by the jury. The same facts which might in one case tend to prove insanity might in another have no such tendency, and no court could lay down or would attempt to lay down a rule that should govern all such cases, as to what did or did not tend to prove insanity.

We are of opinion that there was evidence in this case which tended to prove the issue made. The weight and effect thereof was rightly left to the jury under proper instructions, and their finding we have no power to review.

The proceedings must be affirmed. The cause, however, was properly brought into this court, and the costs should be paid out of the estate in all the courts. It must be certified accordingly to the circuit and probate courts.

The other Justices concurred.