GEORGE S. ENGLE AND ELBRIDGE F. BACON v. MERLIN CAMPBELL.

*Evidence under the common counts in action upon contract.*

If a declaration on a contract is on the common counts and there is no bill of particulars, the parties have a right to go to the jury on any contract that will sustain a right of recovery, and are not confined to a particular contract as sworn to by the plaintiff, if that varies from the one actually performed by him.

Error to Huron. Submitted Jan. 15. Decided Jan. 23.

ASSUMPSIT.   Plaintiffs bring error.

*Geo. S. Engle* and *J. C. Shields* for plaintiff in error.

*Winsor & Snover* and *H. B. Carpenter* for defendant in error.

CAMPBELL, J.  Plaintiffs sued defendant for commissions on a sale of land which they claimed was made according to his agreement, but which he refused to ratify.

Upon the trial below Engle testified to an agreement for a commission of 5 per cent if the land was sold on certain terms, which he says were complied with.  The defense disputed the terms, and the agency as described by Engle, and also set up in proof a different contract, which was also claimed by Engle to have entitled him to some compensation if complied with.  Performance of either was disputed.

We have no means of knowing whether the finding of the jury was based on a disbelief of the contract as alleged by Engle, or on a belief that it had not been carried out.  They found against plaintiffs.  The only important error alleged is that the court confined the right of recovery to the particular contract as sworn to by Engle, and precluded recovery if that varied from any other contract if one was made and performed.

This would be proper if the suit had been on a declaration or bill of particulars distinctly describing it. But the declaration was on the common counts, and we are not informed that there was any bill of particulars. Upon the conflict of testimony on various points plaintiffs had a right to go to the jury upon any contract which made out to the satisfaction of the jury a fulfillment giving a cause of recovery.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.