ALVAH H. BOTSFORD v. MARTIN L. SWEET.

*Judgment on referee's finding—Death of party before judgment—Revivor.*

Judgment on the report of a referee will not be disturbed where there was more than a mere *scintilla* of evidence to support his findings and he considered it sufficient.

Where a plaintiff has died before the rendition of judgment upon a referee's finding in his favor, the cause should be properly revived before judgment; and if this is not done the Supreme Court in affirming the judgment may remand it for such revivor.

Error to Kent. Submitted June 23. Decided Oct. 4.

ASSUMPSIT for the value of medical services rendered by plaintiff to defendant's grandchild. The case was heard by a referee who found that the plaintiff, who was a physician, had found upon his office slate an unsigned request to call

at a certain house and that, on doing so, he learned that a young son of defendant's daughter was sick there and needed his professional services. The house was defendant's residence and the child and its mother lived there then and for nearly two years afterwards. The plaintiff continued to treat the child for several days at the request of defendant's wife and daughter, when defendant himself called on him personally and requested his farther attendance. The doctor said he felt anxious about his pay and defendant, again requesting him to continue his visits, promised to pay him therefor, and plaintiff continued in attendance, making 63 visits, for which he charged $94.50. He caused his bill for this amount to be submitted to defendant and payment to be demanded, but it was not paid and he brought suit. The referee decided that defendant was liable for the amount charged. The report was excepted to, but the circuit judge overruled the exceptions and gave judgment for the plaintiff for the amount due with interest and costs. Defendant brings error. Affirmed.

*Blair, Kingsley & Kleinhans* for appellant.

*Taylor & Eddy* for appellee. If either party to a suit dies after special verdict and pending argument or decision judgment may be entered after his death as of the time when it might have been rendered : Tidd's Pr. (4th Am. ed.) 932; *Green v. Cobden* 4 Scott 486; *Currier v. Lowell* 16 Pick. 170; *Ryghtmyre v. Raymond* 12 Wend. 245; *Spalding v. Congdon* 18 Wend. 543; *Springsted v. Jayne* 4 Cow. 423; *North v. Pepper* 20 Wend. 677; *Morris v. Corson* 7 Cow. 283 ; *Kelley v. Riley* 106 Mass. 339; *Emery v. Parrott* 107 Mass. 95; *Tapley v. Goodsell* 122 Mass. 176; *Brown v. Wheeler* 18 Conn. 199; *Gunderman v. Gunnison* 39 Mich. 313.

MARSTON, J. We are of opinion that there was testimony introduced on the trial before the referee tending to show a liability as against the defendant, and that officer having considered it sufficient, the judgment cannot be disturbed

within the rule laid down in *Conely v. McDonald* 40 Mich.. 150, and subsequently adhered to.

After the death of the plaintiff the cause should have been properly revived before rendering judgment, and this for the proper protection of the defendant, and for this purpose the cause should be remanded. The judgment will therefore be affirmed with costs and the cause remanded, so that a proper revivor of the suit may be made.

The other Justices concurred.