Austin, Respondent, *vs.* Moe, Appellant.

*March 4 — March 22, 1887.*

*Instructions to jury: Duty of court and of counsel: Contracts: Board furnished to mother-in-law.*

Where the court has correctly charged the jury upon all the main questions involved, the failure to give additional or more specific instructions, which were not requested by counsel, is not error. So *held,* where the question raised by the pleadings was whether there had been an *express* contract by a mother-in-law to pay·her son-in-law, with whom she lived, for her board, and the court had charged the jury that she would not be liable to pay for such board in the absence of an agreement, but had failed to instruct the jury that they should consider all the circumstances for the purpose of determining whether or not an agreement should be *implied* or inferred therefrom.

APPEAL from the Circuit Court for *La Crosse* County. The case is sufficiently stated in the opinion.

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *Fruit & Brindley,* and oral argument by *Mr. Fruit.*

ORTON, J. The cause of action insisted upon is a note for $700 given by the appellant to the respondent, November 1, 1880, due at any time. The answer states, in substance, that the plaintiff is the mother of the defendant's wife, and in 1871 came to live with them in their family, and was maintained and taken care of by them until the year 1880, when the said defendant procured for her a pension from the United States of eight dollars per month, and back pay of about $1,600, and paid the expenses of procuring the same, and the plaintiff thereupon paid the defendant $700 of said money in consideration of her past support and maintenance, and in full settlement thereof, and for the balance of said money the defendant gave the plaintiff said note, and that it was then agreed between them that said plaintiff should in the future pay to the defendant a reasonable sum for her board, lodging, for being cared for in sickness, and for such necessaries as she might require; and he continued to perform his agreement in these respects from that time until about two weeks before the commencement of this suit, and that her board so furnished was reasonably worth three dollars per week, which in the aggregate was, up to the time last mentioned, the sum of $696, and that the defendant in the mean time paid the plaintiff, and for her, about the sum of $140 in money, and these sums are claimed as offsets to said note.

The evidence shows that the plaintiff was quite aged and indigent when she went to live with the defendant, and she left his family about the time last stated. The plaintiff and defendant were the only witnesses, as appears from the printed case. The defendant testified that he was to have half of the pension money, if he got it for the plaintiff, for his getting it and for furnishing her a home as he had, or for what he had done for her, and that she wanted to continue at his house as she had been, and wanted him to build an addition to his house that she might have a room up-

stairs and a fire and light, and that he built the addition, furnished her with a separate room, with fire and light, and had the wood carried up in cold weather, and made the fire for her morning and evening, and that this note was to be paid by his furnishing her a home, and it was agreed that it should be so paid, and that she did no manual labor around the house ordinarily, and the way he kept her after this house was built was worth five dollars per week. The plaintiff testified that it was $800 the defendant kept, over and above the expenses of getting the pension, and that there was no talk about his having it for what he had done for her; that she told him if he could get the pension he might have half of it; that she worked enough to pay her board; her health was pretty good for an old person, and she did not need much medical attendance; that she never agreed to let the defendant have the $800 for her board, and did not agree to pay him $3 for her board in future when she took the note in suit. There was evidence of the defendant having furnished the plaintiff some money and paid some bills, for which it is understood the jury gave the defendant credit in finding a verdict for the plaintiff for $807.43 on the note and interest.

The circuit court instructed the jury as follows: "In the relation these parties stand to each other, and in the situation in which they have been living together, the plaintiff would not be entitled to pay the defendant for her board unless there was an agreement that she should pay it," etc. "The defendant claims that there was an agreement on the part of the plaintiff that she should pay him what was reasonable for her board, after the time she obtained her pension,— substantially after the date of this note, as I understand it,— and she denies that there was any such agreement. Now, as I said before, unless there was an agreement that she should pay she would not be liable to pay it." The learned counsel of the appellant

Austin vs. Moe.

excepted to this part of the charge, as follows: "I except to the remarks of the court to the effect that the plaintiff would not be entitled to pay for her board unless there was an agreement, when she lived with her son-in-law." There was a motion made to set aside the verdict because it was against evidence, and the motion was overruled, and the defendant excepted. In respect to this last exception, the learned counsel of the appellant have not asked in their brief for a reversal of the judgment because the verdict was against the evidence. They were probably aware that there was no certificate of the judge to the bill of exceptions that it contains all the evidence given on the trial. This exception will therefore be disregarded, and the above exception to the charge of the court to the jury will alone be considered.

The above statement of the pleadings and of some of the evidence has been made in order to show fully the reasons for the decision that we feel compelled to make. The learned counsel who argued the case does not dispute the legal proposition that services rendered between members of the same family raise no presumption of fact that they are to be paid for, or the proposition that the plaintiff's living and receiving her support and maintenance in the family of the defendant, from the time she came there until she received her pension, raised no presumption of fact that either she should be paid for the services she might render the defendant under such circumstances or that she would or should pay the defendant for such support and maintenance, or that he should be entitled to charge her for the same. To go further, I do not understand that the learned counsel questions the legal principle that, considering the relationship between the plaintiff and defendant, as mother-in-law and son-in-law, during the whole time she was an inmate in his family he was not entitled to any compensation or remuneration for her board, support, and maintenance therein,

unless it was agreed between them that he should be paid by her for such support, and that the liability in such a case depends wholly upon contract; but his contention is: *first*, that there was evidence of such an express contract, at least from the time the plaintiff received her pension; and, *secondly*, that the jury should have considered the changed conditions and circumstances of the parties from that time, and that she exacted and received accommodations, comforts, and attentions from that time consistent and commensurate with her ability to pay for them as any other boarder, and found from these facts and circumstances a contract on her part to pay for them, or an understanding between them that she would thereafter pay and that he would receive payment for her board. His complaint is that the court instructed the jury, in the above part of the charge, that "she would not be entitled to pay for her board, unless there was an agreement, when she lived with her son-in-law," or "unless there was an agreement that she should pay it," as in the charge. The learned counsel very ably and plausibly contends that the jury must have understood from this instruction that there must have been a special or an express contract to this effect established by positive evidence, and that they had no right to infer that there was such a contract or understanding from the above facts and circumstances, and that this instruction shut out from the jury all consideration of such facts and circumstances from which a contract might have been properly inferred or implied; and, further, that the court erred in not giving an instruction to the jury that they should consider these facts and circumstances with that view and for such purpose.

The argument of the learned counsel is strong, logical, and convincing that these facts and circumstances ought to have been considered by the jury in determining whether there was such a contract as the law makes necessary in such a case. But we can go no further with the learned

counsel.   There was a duty, in such case, resting upon the counsel as well as upon the court.   The court had given the jury a proper instruction that there must, in such a case, be a contract.   All agree that such is the law.   He did not go further, and call the attention of the jury to any facts or circumstances by which they might determine whether there was a contract, but simply told them that the defendant had testified that there was, and the plaintiff had testified that there was not, such a contract.   It must not be forgotten that, upon this question of the contract liability to pay the defendant for her board and support after such change in her financial circumstances in 1880,— and it is conceded that such liability must rest upon contract,— the answer of the defendant tenders but one issue, and that is that it was expressly agreed between the parties at that time that the defendant should be paid a reasonable sum for her board, etc., in the future.   It is true, the answer sets out such change in her support and treatment at that time, but it does not allege or intimate that a *contract* should be inferred or implied therefrom, but alleges, in connection therewith, that such express contract was made.   And, furthermore, the defendant in his testimony states two express contracts,— one as above, and the other that this note should be paid by the defendant furnishing her with a home and support in such manner for the future.   The answer sets up this contract for board, and pleads a setoff therefor of three dollars per week.   These contracts are specifically denied by the plaintiff in her testimony.   There was nothing, therefore, in the pleadings or evidence to apprise the court or the opposite counsel that the learned counsel of the defendant relied upon these facts and circumstances to establish a contract by inference or implication, and the charge of the court squarely and fully met the case so made by the pleadings and evidence; and the jury were instructed that, to allow the defendant's claim, they must find such contract

so alleged was actually made, and went no further. This instruction was correct and sufficient. Here there was a duty clearly imposed upon the defendant if he wished the court to go further and instruct the jury that they might consider such facts and circumstances with a view of ascertaining *therefrom* that such a contract was made. His counsel should have specially requested the court to so instruct the jury, or called the attention of the court then and there to such *now* alleged omission. If, after such a request, the court had refused to do so, it would quite probably have been an error fatal to the verdict. As a general rule, such a contract is inferred from facts and circumstances, and much oftener than established by positive evidence. *Emerson v. Durand*, 64 Wis. 111.

I have spent more time upon this case, because it more clearly than most cases squarely and directly presents this question of the relative duty of the court and the counsel as to an omission to instruct the jury upon some matter, very material perhaps, but not obviously within the pleadings or the evidence. Such omissions are frequently alleged as error in this court, and the true rule should not be overlooked. When the court has instructed the jury upon all the main questions involved, and correctly, then, if counsel desire additional or more specific instructions, they must request them to be given or the omission cannot be alleged as error. *Brower v. Merrill*, 3 Pin. 46; *Lachner v. Salomon*, 9 Wis. 129; *Pilling v. Otis*, 13 Wis. 495; *Knox v. Webster*, 18 Wis. 406; *Karber v. Nellis*, 22 Wis. 215; *Weisenberg v. Appleton*, 26 Wis. 56; *Roebke v. Andrews*, 26 Wis. 311; and many cases since decided. In this case, therefore, the omission complained of was not the error of the court.

*By the Court.*— The judgment of the circuit court is affirmed.