## BELKNAP v. BELKNAP.

Where the evidence was conflicting as to the terms of a contract, it was for the jury to determine what the contract really was.

Whether the evidence is sufficient to overcome a prima facie case is a question for the jury.

Where defendant claimed that a certain mare was one owned and branded by him prior to the sale of his brand to plaintiff, it was competent for him to show that the mare was of a sufficient age to have been branded by him prior to such sale.

Under a contract whereby defendant sold his brand to plaintiff, defendant to have his horses on the range, plaintiff to be the judge, plaintiff could not arbitrarily determine that an animal belonging to defendant was not his.

Complaint cannot be made that the court's instructions are not as full and complete as they should be, where no special instructions were submitted or requested.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by James Belknap against Charles F. Belknap. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Chauncey L. Wood,* for appellant.

An instruction is erroneous, where it assumes the existence of an issue as to a fact which is not in dispute. Texas L. & L. C. C. v. Watson, 22 S. W. 873. If it is not the expression of an opinion it is at least the assumption of a fact, either of which is error. Grissel v. Bank of Woonsocket, 12 S. D. 93; Wood v. Steinen, 9 S. D. 110; Roberts v. First National Bank, 79 N. W. 993. If the evidence as to what the contract was, is conflicting, then the question as to what is was, should have been left to the jury. Hughes v. Turner, Mich. 55 N. W. 661; People v. Williams, 17 Cal. 142.

*Buell & Gardner,* for respondent.

The jury have the right to determine the existence of a parol contract, its intent, and limitations. They are to find not only what language was used, but its purport and meaning. In cases of written contract it is the duty of the court to define the meaning of the language used in them, but in verbal contracts this duty is confined to the jury. McKenzie v. Sykes, 47 Mich. 294. Herbert v. Ford,

33 Me. 90; Copeland v. Hall, 29 Me. 93; Carl v. Knott, 16 Ia. 379; Murphy v. Bedford, 18 Mo. App. 279. The complaint cannot be made that the court's instructions are not as full and complete as they should be where no special instructions were submitted or requested. Frye v. Ferguson, 6 S. D. 392; Winn v. Sanborn, 10 S. D. 642; Studebaker v. Zollars, 12 S. D. 296; Austin v. Moe, 68 Wis. 458; Bank of Springfield v. Bennett, 8 Ind. App. 679; Barnett v. State, 100 Ind. 171; Badger v. Bank, 26 Me. 428.

CORSON, J. This was an action in claim and delivery to recover possession of certain horses from the defendant, three of which were branded "J. K." on the left thigh, and one brown yearling not branded, all of the alleged value of $100, and for $25 damages for the detention of the same. The defendant by his answer denied all the allegations of the complaint not thereinafter admitted, admits that the horses described in the complaint were of the value of $100, and alleges that the said horses were the property of the defendant. The only question, therefore, presented in the case was as to the ownership of the property and the amount of damages sustained by the plaintiff.

Plaintiff, to prove his ownership of the property, relied upon the evidence that three of the animals were branded with his brand, "J. K." on the left thigh, and that the younger one was the offspring of one of the mares so branded. It is disclosed by the evidence that the plaintiff and defendant both used a similar brand prior to July, 1900, but that the plaintiff usually branded the horses owned by him on the left shoulder, and the defendant branded his on the left thigh, and that three of the plaintiff's horses had been branded on the left thigh prior to 1900. Some dispute having arisen between the parties in regard to the ownership of the horses then upon the range, the defendant had his brand accepted by the board of brand commissioners of the state and had it recorded, and that subsequently the defendant sold his brand to the plaintiff, and it was claimed by the plaintiff that an agreement was entered into by the defendant by which all horses branded with that brand should be regarded as the property of the plaintiff, and that no horses found upon the range thereafter with that brand should be claimed or taken by the defendant, except with the consent of the plaintiff.

It was claimed on the part of the defendant, however, that, when he sold his brand to the plaintiff, it was stipulated and agreed between them that he reserved the right to any horses belonging to him found upon the range subsequently to such sale branded with said brand. The evidence as to what this contract really was was conflicting, and it therefore became the duty of the jury to determine what the contract really was between the parties. The only evidence offered by the plaintiff of his ownership of the property was the brand on the horses. The defendant sought to prove that the property belonged to him by proving that the older animal, a mare, belonged to him at the time he transferred the brand to the plaintiff, and that the younger animals were offspring of that mare, and one of the methods by which he sought to prove that fact was by showing that the mare was nine years of age or over, while he had transferred his brand to the plaintiff only five years prior to the trial.

It is contended by the appellant that under the Code of this state animals branded with the "J. K." brand on the left thigh belonged prima facie to the owner of that brand, and that when the plaintiff proved by uncontradicted evidence that the animals that he sought to recover from the defendant were branded with his brand, "J. K." on the left hip, he was entitled to recover the property unless the defendant could overcome that prima facie evidence by a preponderance of proof showing that the property actually belonged to him, and that the plaintiff had assented to such ownership, and that the evidence was insufficient to overcome the prima facie case. But the jury, who were the exclusive judges of the weight of the evidence and the credibility of the witnesses, has evidently found the evidence sufficient to overcome the prima facie case made by the plaintiff, and we are not inclined to disturb their verdict. It is somewhat difficult to lay down a rule as to the amount of evidence on the part of the defendant necessary to overcome the plaintiff's prima facie case. Undoubtedly it must preponderate in favor of defendant, but whether or not it does so preponderate is properly a question for the jury under proper instruction by the court. It is quite clear that the horses actually belonging to the defendant at the time of the transfer by him of his brand to the plaintiff were

to remain his, and under the contract he would be entitled to claim such animals as his own notwithstanding some expressions used by the parties in making the contract. The evident purpose and intention of the contract was that subsequently to the transfer of the brand to the plaintiff defendant should not have the right to claim to be the owner of horses subsequently branded, but that he should retain the right of ownership to the horses previously branded by him. The jury evidently took this view of the contract, or agreement, entered into between the parties, and we think they were right in so doing.

It is also contended by the appellant that the court erred in permitting the defendant to introduce evidence as to the age of the mare, one of the animals in controversy, but there is clearly no merit in this contention. Defendant claims that the mare was one owned and branded by him prior to the sale of his brand to the plaintiff. It was competent, therefore, in support of his claim, to show that the mare was of a sufficient age to have been branded by him prior to the sale of the brand. It was one circumstance at least tending to prove that the mare belonged to him. The evidence may not have been very strong or convincing as tending to show that the defendant was the owner of the animal, but the jury had a right to determine the question of the ownership and to consider this evidence in connection with other evidence upon that subject.

It is further contended by the appellant that the court should have directed the jury as to the construction to be given the contract entered into between the plaintiff and the defendant at the time of the transfer of the brand, as the evidence is undisputed, but we cannot agree with counsel in this contention. There certainly was a conflict in the evidence as to what the agreement really was, and in such a case it is for the jury to determine what the contract was and what was intended by the parties. When the contract was in writing, or when the evidence as to the verbal contract is undisputed and there is no ambiguity in its terms, the court may properly construe it, but where, as in the case at bar, the contract was oral and the evidence conflicting as to what it was, the question was properly left to the jury. McKenzie v. Sykes, 47 Mich. 294,

11 N. W. 164; Carl v. Knott, 16 Iowa, 379. The rule applicable to the construction of contracts is stated by the Supreme Court of Michigan in McKenzie v. Sykes, supra, speaking by Mr. Justice Cooley, as follows: "It is for the court to interpret the written contracts of parties; for, when they have assented to definite terms and stipulations and incorporated them in formal documents, the meaning of these, it is supposed, can always be discovered on inspection. Nothing which is within the purview of the contract is. left in doubt, and there is, of course, nothing to submit to the jury. Thompson v. Richards, 14 Mich. 172. But, where the terms of a negotiation are left to oral proofs, the question what the parties said and did, and what they intended should be understood thereby, is single, and cannot be separated so as to refer one part to the jury and another part to the judge; but in its entirety the question is one of fact. Strong v. Saunders, 15 Mich. 339; Maas v. White, 37 Mich. 126; Estate of Young, 39 Mich. 429; Engle v. Campbell, 42 Mich. 565, 4 N. W. 301."

It is further contended that the court erred in the following portions of its charge to the jury: "There is some testimony * * * tending to show that at the time of the transfer of the 'J. K.' brand by the defendant to the plaintiff that the defendant was to have his horses on the range, but plaintiff was to be the judge. By this is meant that plaintiff could not arbitrarily say the horses were his. which, in fact belonged to the defendant, but he must be reasonable, and if you believe from the evidence that the mare in question is the property of the defendant, and that the young stock is the offspring of said mare, your verdict should be for the defendant." The contention that this part of the charge of the court is erroneous is untenable. The court seems to have very carefully submitted the matter to the jury by instructing them that there was some evidence tending to prove the agreement as claimed by the plaintiff, and in effect telling them that, if they found such to be the agreement, the plaintiff could not arbitrarily determine that an animal belonging to the defendant was not his, and such seems to us; to be the law. If the animal belonged to the defendant, the plaintiff could not arbitrarily say that the defendant was not the owner and retain the same as his own. Humpfner v. D. M. Osborne &

Co., 2 S. D. 310, 50 N. W. 88. No special instructions were submitted to the court or requested by the plaintiff, and therefore, if the court's instructions are not as full and complete as they should have been, the plaintiff has no right to complain: Frye v. Ferguson, 6. S. D. 392, 61 N. W. 161; Winn v. Sanborn, 10 S .D. 642, 75 N. W. 201; Studebaker v. Zollars, 12 S. D. 296, 81 N. W. 292; Austin v. Moe, 68 Wis. 458, 32 N. W. 760; Barnett v. State, 100 Ind. 171; Badger v. Bank, 26 Me. 428. It is evident from the terms of the contract of sale that the defendant did not include in the sale any of his own horses. The contention of the plaintiff, therefore, that he was absolutely the owner of the defendant's horses upon which the brand "J. K." on the left thigh should be found, by reason of his ownership of the brand, cannot be sustained as against the evidence which satisfied the jury that the animals were the property of the defendant.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.