## 12062

### SIRRINE v. C. E. GRAHAM TRUST FUND *ET AL.*

#### (134 S. E., 415)

1. Corporations.—Corporation, after ratifying agent's sale of mill and going through with trade, could not deny agent's authority in action for broker's commission.

2. Brokers.—In broker's action for commissions on sale of mill, correspondence between plaintiff and corporation's agent *held* properly admitted.

---

Note: Functions of Court and jury as to construction of contracts, see 6 R. C. L., page 862, *et seq;* 2 R. C. L. Supp., page 234; 4 R. C. L. Supp., page 448; 5 R. C. L. Supp., page 374.

3. EVIDENCE.—In broker's action for commissions on sale of mill, refusal to require plaintiff to turn over his correspondence with particular persons *held* not error; no particular letter being demanded.

4. APPEAL AND ERROR.—Where counsel did not accept Court's offer to withdraw case from jury if they had been taken by surprise, they could not complain on appeal.

5. CONTRACTS.—Construction of contract which is ambiguous, or capable of more than one construction, is question of fact.

Before WILSON, J., Greenville, September, 1924.   Affirmed.

Action by William G. Sirrine against C. E. Graham Trust Fund and another.   Judgment for plaintiff and defendants appeal.

*Messrs. Haynsworth & Haynsworth,* for appellants, cite: *President of mill without authority to sell mill plant:* 5 F., 2nd, 676; 225 F., 739; 211 F., 903; 275 S. W., 634; 3 Fletcher Corp., 3222.  *Broker authorized to sell plant, but abandoning efforts, not entitled to commissions where sale subsequently effected without further aid of broker:* 123 S. E., 826; 80 S. C., 341; 121 S. E., 883; 101 S. E., 713; 82 So., 305; 170 Mass., 479; 49 N. E., 742; 64 A. S. R., 317; 73 Ga., 296; 44 L. R. A., 333; L. R. A., 1917-E, 1175; 119 C. C. A., 193; 204 U. S., 229; 225 P., 1028; 4 R. C. L., 297 and 317.  *Where agency not exclusive broker must show sale due to his efforts:* 123 S. E., 826; 119 S. C., 259; 94 S. C., 406.

*Messrs. Bonham, Prince & Poag,* for respondent, cite: *Alleged error occurring after offer to withdraw case from jury waived by declination of offer:* 126 S. C., 437; 120 S. E., 230; 83 S. C., 87; 128 P., 143.  *Seller may not revoke agency of broker to avoid payment of commissions:* 80 S. C., 346.  *Existence of alleged contract question for jury:* 44 S. C., 250; 61 U. S., 221; 15 L. Ed., 884; 16 L. R. A. (N. S.), 431; 298 F., 208; 4 R. C. L., 310.  *Ambiguous contract to be submitted to jury:* 118 S. E., 610; 107 N. W., 692; 146 P., 400; 6 R. C. L., 862.

August 27, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for commissions alleged to be due plaintiff on the sale of a cotton mill plant known as Alice Mills, consisting of lands, buildings, and machinery, located at Easley, in the county of Pickens. The case was tried before Judge Wilson and a jury at Greenville, S. C., and resulted in a verdict in favor of the plaintiff in the sum of $6,144.

The exceptions are 22 in number. At the close of the evidence the defendants made a motion for a directed verdict, which was refused.

1  The exceptions alleging error on the part of his Honor in refusing to direct a verdict for the defendants are overruled, as there was ample conflicting testimony to carry the case to the jury for their determination. Sirrine swore one way as to the agreement, and Graham swore the other. There was enough evidence to go to the jury as to whether Graham had authority from the corporation to sell the mill. The sale did go through, and the corporation ratified its executive action by accepting the trade. It is too late now to complain that Mr. Graham had no authority to make the trade. Each of the grounds of motion for a directed verdict involve questions of fact growing out of the testimony, and the issues of fact were properly submitted to the jury.

2  The first and second exceptions allege error on the part of the trial Judge in admitting in evidence two letters written by Sirrine to Graham. We see no error, as it was as competent as any conversation between Sirrine and Graham, and a conversation between them would have been competent.

3  Exceptions 3 and 4 complain of error on the part of the Judge in refusing to require Sirrine to turn over his correspondence with Goddard Bros. No particular letter was demanded, and his Honor committed no

error in not requiring Sirrine to turn over his private correspondence and the whole of his letter file.

His Honor offered to withdraw the case from the jury if defendants' counsel were taken by surprise, and defendants' counsel did not accept this offer, and cannot now complain. *State v. Ballew,* 83 S. C., 87; 63 S. E., 688; 64 S. E., 1019; 18 Ann. Cas., 569. *State v. Simon,* 126 S. C., 437; 120 S. E., 230.

The tenth exception imputes error in plaintiff's second request to charge. This exception is overruled, under the authority of *Goldsmith v. Coxe,* 80 S. C., 346; 61 S. E., 555.

Exceptions 11, 12, 13, 14 and 15 are overruled under authorities. *Fairly v. Wappoo Mills,* 44 S. C., 250; 22 S. E., 108; 29 L. R. A., 215. *McGavock v. Woodlief,* 61 U. S., (20 How.), 221; 15 L. Ed., 884. *Hartford v. McGillicuddy,* 103 Me., 224; 68 A., 860; 16 L. R. A. (N. S.), 431; 12 Ann. Cas., 1083; 4 R. C. L., 310. *Tsangares v. Fugazzi,* 54 App. D. C., 334; 298 F., 208.

Exceptions 16 and 17 are overruled, as being without merit.

The eighteenth and nineteenth exceptions are overruled, not being meritorious.

The other exceptions are overruled. It is well settled that where a contract is ambiguous or capable of more than one construction, it becomes a question of fact, which must be submitted to the jury. The case of *Wheeler v. Insurance Co.,* 125 S. C., 325; 118 S. E., 610, is conclusive of this point. This Court there employs this language:

"As a general rule, contracts are to be construed by the Court; but where a contract is not clear, or is ambiguous and capable of one or more constructions, what the parties really intended, as a matter of fact, should be submitted to a jury."

Ruling Case Law, in Volume 6, at page 862, very clearly sets forth the principle as follows:

"It is certainly true, as a general rule, that the construction of written instruments belongs to the Court and not to the jury; nevertheless there are cases in which, because of the ambiguous nature of the words used, or because of obscure references to unexplained circumstances, the true interpretation of the language may be left to the consideration of the jury for the purpose of carrying into effect the real intention of the parties. This rule is especially applicable to cases involving commercial correspondence, wherein the real objects and intentions and agreements of the parties are often indicated only by allusion to circumstances which are but imperfectly developed. It may be said, therefore, that where a contract is to be construed by its terms alone, it is the duty of the Court to interpret it; but where its meaning is obscure, and its construction depends upon other extrinsic facts in connection with what is written, the question of interpretation should be submitted to the jury, under proper instructions."

In *Belknap v. Belknap*, 20 S. D., 482; 107 N. W., 692, the Court held:

"Where the evidence was conflicting as to the terms of a contract, it was for the jury to determine what the contract really was."

*Kieburtz v. City of Seattle*, 84 Wash., 196; 146 P., 400, holds:

"Where the construction of a contract is doubtful, the question is for the jury."

All exceptions are overruled and judgment affirmed.

Mr. Chief Justice Gary and Messrs. Justices Blease and Stabler concur.

Mr. Justice Cothran did not participate.