## 12139

### NETTLES v. NETTLES

#### (136 S. E., 297)

1. APPEAL AND ERROR—REFUSAL TO STRIKE ALLEGATIONS IN ANSWER IS NOT APPEALABLE.—Refusal to strike out allegations in an answer is not appealable.

2. HUSBAND AND WIFE—WIFE'S LETTER TO ANOTHER CONCERNING HUSBAND, HELD PROPERLY ADMITTED TO ESTABLISH HUSBAND'S DEFENSE THAT WIFE'S ACTION AGAINST HIM WAS VINDICTIVE.—Where defense to wife's action against husband for recovery on joint note paid by her was that suit had been brought out of vindictive spirit, letter written by wife to third person, containing statements regarding husband and his conduct, *held* properly admitted

3. EVIDENCE—LETTER WRITTEN IN REPLY TO LETTER ALREADY IN EVIDENCE HELD PROPERLY ADMITTED.—Letter written in reply to letter which was introduced in evidence *held* properly admitted in order that letter already in evidence could be fully understood.

4. EVIDENCE—USUALLY ALL CORRESPONDENCE BETWEEN PARTIES SHOULD BE ADMITTED AFTER ADMISSION OF PART.—When part of correspondence is admitted in evidence, it is usually better course to have all correspondence between parties admitted.

5. TRIAL—CHARGE MUST BE TAKEN AS WHOLE.—Court's charge must be taken as a whole.

6. APPEAL AND ERROR—COUNSEL, BELIEVING THERE IS CONFUSION IN CHARGE, MUST CALL COURT'S ATTENTION THERETO.—Counsel, when under the impression that there is confusion in charge, must call matter to the attention of Court, in order to be permitted to take advantage thereof on appeal.

7. EVIDENCE—"GREATER WEIGHT" OF EVIDENCE IS GREATEST AMOUNT OF FACTS.—"Greater weight" of evidence is greatest amount of facts and of truth introduced.

8. CONTRIBUTION—HUSBAND'S INSOLVENCY IS IMMATERIAL IN WIFE'S ACTION TO RECOVER ON JOINT NOTE PAID BY HER.—Question of husband's insolvency is immaterial, in wife's action against him to recover on joint note paid by her.

9. TRIAL—CHARGE THAT HUSBANDS INSOLVENCY WAS IMMATERIAL IN WIFE'S ACTION AGAINST HIM ON NOTE HELD NOT ERRONEOUS AS CHARGE OF FACTS.—Court's charge, in wife's action against husband to recover on joint note paid by her, to effect that husband's insolvency was immaterial, *held* not erroneous as being a charge on facts, since there was no indication in the opinion as to evidence touching question of insolvency.

10. CONTRIBUTION—EVIDENCE TO SUSTAIN HUSBAND'S CLAIM THAT PAYMENTS BY HIM ON JOINT NOTE WERE OUT OF KINDNESS TO WIFE HELD PROPERLY ADMITTED.—Where husband's defense to wife's action for recovery on joint notes paid by her was that his previous payments thereon were made out of kindness, and ceased after wife had charged him with dishonesty, evidence to substantiate such claims was properly admitted.

11. NEW TRIAL—MOTION FOR NEW TRIAL HELD PROPERLY REFUSED FOR AFTER-DISCOVERED EVIDENCE, WHICH WAS MERELY CUMULATIVE; DUE DILIGENCE NOT HAVING BEEN EXERCISED.—Motion for new trial for after-discovered evidence *held* properly refused, where evidence was merely cumulative and due diligence to secure evidence had not been exercised.

Before MAULDIN and MANN, JUDGES, Greenville, September, 1925. Affirmed.

Action by Mary Dillard Nettles against Stephen Nettles. Judgment for defendant, and plaintiff appeals.

*Messrs. E. H. Callaway* and *Martin & Blythe,* for appellant.

*Messrs. Jos. L. Nettles* and *Bonham, Price & Poag,* for respondent, cite: *Relevancy of testimony to be settled when*

*offered:* 110 S. C., 148; 81 S. C., 303. *Defendant charged with fraud allowed wide latitude in rebutting charge:* 73 S. C., 21; 60 S. C., 370. *Personal ill will of witness toward party to action admissible as to credibility of witness:* 28 R. C. L., 612; 40 Cyc., 2666. *Letter of defendant to, plaintiff admissible to explain letter of plaintiff to defendant already admitted:* 134 S. E., 415. *Nature of after-discovered evidence required for granting of new trial:* 133 S. C., 297.

January 11, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff, Mrs. Mary Dillard Nettles, sued her husband, the defendant, Stephen Nettles, Esq., in the Court of Common Pleas for Greenville County, and alleged in her complaint the following matters, briefly stated:

(1) That on January 12, 1920, she turned over to the defendant certain corporate stocks under the following written instrument:

"Stephen Nettles is hereby authorized to pledge the stock below listed belonging to me to any bank for any amount he may desire to borrow thereon, and to dispose of the proceeds of the pledge in his discretion."

(2) That the stocks delivered to the defendant were assigned by the plaintiff in blank. That at the same time the defendant had her to execute with him a joint note to a bank in Greenville for the principal sum of $7,000.00.

(3) That soon thereafter the defendant, by the use of the said note, with the stocks as security, obtained a loan from the bank, and appropriated the entire proceeds of the said loan to his own uses. That, at the time the plaintiff signed the power of attorney, transferred the stock certificates, and made the note, the defendant "assured plaintiff that he would see that she should never suffer any loss from

said transaction, and that he would be entirely responsible therefor."

(4) That the note was renewed from time to time, and by payments made by the defendant thereon the indebtedness was reduced to $5,250; then the defendant failed and refused to pay the amount thereof or to renew the same, thereby forcing plaintiff to pay the said debt in order to avoid the sacrifice of her stock, and that the defendant was liable to the plaintiff for the amount she had to pay with interest thereon.

In his answer, the defendant admitted the execution of the instrument referred to in the complaint and the transfer of the stocks by the plaintiff. He admitted the payments made by him on the note and his refusal to make further payment. For a further defense, he alleged that the transaction, out of which the suit grew, was a speculation made by the defendant for the benefit of the plaintiff at her request; that he was not liable to the plaintiff in any sum; that the plaintiff never regarded the transaction as an obligation of the defendant until the year 1924, "after she had without just cause abandoned him and returned to her mother's home"; that he was willing to pay the note as his wife's debt, and had made payments thereon as an act of kindness to her, but that he had refused to make further payments due to the conduct of his wife, the plaintiff, in assailing his integrity.

The plaintiff, by proper motion, heard before his Honor, Circuit Judge T. J. Mauldin, endeavored to have stricken from the answer of the defendant certain allegations contained therein as follows:

"That plaintiff never regarded it otherwise and never suggested that defendant was liable to her thereon, until early in the year of 1924, after she had without just cause abandoned him and returned to her mother's home."

"That previously she had repeatedly expressed gratitude to defendant for paying her losses on the transaction and

protecting her collateral when he was not financially able to protect his own property from forced sale."

"That, after abandoning him, she began to assert for the first time that the note herein sued on was his debt and not hers, and began a campaign of attack on his integrity."

"That defendant was willing enough to pay said note as his wife's debt and as an act of kindness to her, although he had already lost $12,000.00 on the transaction, but he was not willing to pay her note as his own debt when his wife was assailing his integrity in the most bitter and unmeasured terms; and for these reasons he has refused and still refuses to pay said note."

The motion to strike out the allegations referred to from the answer of the defendant was refused by Judge Mauldin. The plaintiff gave notice of intention to appeal from that order, but that appeal was never perfected; the plaintiff's attorneys coming to the conclusion that appeal would not lie at that time. The cause was tried before Hon. M. M. Mann, Circuit Judge, and a jury.

At the trial, the plaintiff objected to testimony going to establish the allegations in the answer of the defendant, which she had moved to strike out.

The cause resulted in a verdict in favor of the defendant. The plaintiff has appealed to this Court from the order of Judge Mauldin, refusing to strike out certain portions of the answer, and from the result of the trial before Judge Mann, and from his order refusing a new trial. She has also appealed from the order of Judge Mann settling the case for appeal.

Several of the exceptions impute error in the action of Judge Mauldin in refusing to grant plaintiff's motion to strike out the allegations of the answer hereinbefore set forth. Under the authorities in this State, refusal to strike out allegations in an answer is not appealable. *Smith v. Heyward*, 110 S. C., 148; 96 S. E., 289. *Dawkins v. Street Railway Co.*, 82 S. C., 166; 63 S. E.,

746.   *McCandless v. Mobley,* 81 S. C., 303 ; 62 S. E., 260.
*Harbert v. Railway Co.,* 74 S. C., 13 ; 53 S. E., 1001.   The
exceptions of the plaintiff in this regard must, therefore, be
dismissed.   The questions raised by these exceptions were
properly reserved by the plaintiff, however, in objections,
made by her to the testimony of the defendant, and will be
later further considered.

Error is alleged because the presiding Judge allowed
the defendant to introduce a letter written to Mrs.
Margaret Dorsey by the plaintiff.   The record is
not entirely clear that the letter was introduced.   Since the
respondent does not question the fact of the introduction,
however, we assume that it was introduced.   This letter was
identified by the plaintiff while she was a witness, and she
admitted that she had written it.   One of the contentions
of the defendant was that the plaintiff had no just claim
against him, and that she had brought the suit out of a vin-
dictive spirit, and that her suit was founded in malice.   In
her testimony, the plaintiff denied being influenced by the
motives attributed to her by the defendant.   The letter to
Mrs. Dorsey contained statements regarding the defendant
and his conduct, and was couched in such language as to give
some evidence of the fact that the contention of the de-
fendant was correct.   Under the peculiar circumstances of
the case, we think the Circuit Judge properly admitted the
letter in evidence.

The defendant ws allowed to introduce in evidence,
over objection of the plaintiff, a letter he had written
to the plaintiff on March 10, 1924, before the com-
mencement of the suit, but after plaintiff, through attorneys
had made demand that the defendant pay the amount plain-
tiff alleged she had lost by the conduct of the defendant.
The plaintiff contends that the letter should have been ex-
cluded on the ground that it was irrelevant and was a self-
serving declaration by the defendant, made after it was ap-
parent that there would be litigation, and that it was argu-

mentative. When this letter was offered, there had already
gone into the record of the case a letter from the plaintiff
to the defendant, dated March 14, 1924, and it appears that
her letter was a reply to the letter of the defendant of March
10th. In order that the letter of the plaintiff could be fully
understood, it was proper·for the letter of the defendant to
be offered. When a part of correspondence is admitted in
evidence, it is usually the better course to have all corre-
spondence between the parties admitted. *Sirrine v. Graham
Trust Fund* (S. C.), 134 S. E., 415. We see no prejudi-
cial error on the part of the Court in admitting this letter.

The appellant contends that Judge Mann, in his charge
to the jury, confused the issue between the parties.

The plaintiff contends that the only issue was
whether or not the defendant assured the plaintiff that he
would hold her harmless on account of the transaction had
between them; that it was immaterial for whom the de-
fendant pledged the stocks or negotiated the loan, whether
it was for his own benfit or for the benefit of the plaintiff.
A careful reading of the charge convinces us that the
Circuit Judge properly stated the issue. The charge must
be taken as a whole. The appellant admits that the Judge
undertook to charge correctly, in regard to the issue, in re-
sponse to her own request. If the appellant was under the
impression that there was confusion in the charge, her at-
torney should have called the matter to the attention of the
Court. About the conclusion of the charge, the trial Judge
requested of counsel for both parties if there was anything
further to be stated, and Mr. Martin of counsel for the
appellant replied, "Nothing further at all, your Honor."
If there was some misstatement of the law by the Court, we
do not think, under the circumstances, that the appellant
should now be allowed to take advantage thereof.

The trial Judge gave the following instructions to
the jury:

"When you go into Court there is nothing on them

at all; you go into the case and take the testimony of the plaintiff, lay it on one side; you take the testimony of the defendant and lay it on the other side, and then you stand back and look. If you see the plaintiff's testimony pulling the scale down to any extent, to any appreciable extent, see that hers outweighs the defendant's, the law does not say how much, but just so you can see it, that's the greatest weight or preponderance of the evidence. On the other hand, if the balances stand even, if there is no greater weight, if it is even, then the plaintiff has not made out her case by the greater weight of the evidence. Of course, if the defendant's testimony makes the scales go down so that you can appreciate it, why he has made out his defense. The greater weight means the greatest amount of facts, of truth. Which side, now, has satisfied you that they have the greatest amount of fact? That is the side you must find for by a verdict."

The appellant, by proper exception, alleges that this charge was erroneous, contending that the Judge, in undertaking to define "greater weight," and in charging that it is determined by the amount of facts adduced, thus made the test the quantity of evidence and not the quality thereof, whereas, the true test should be the accredibility and weight of the evidence adduced by the parties to the cause. We think the charge of the Judge complained of was a correct statement of the law, and that the exception thereto is rather technical.

Judge Mann charged the jury that they had nothing 8, 9 to do with the solvency or insolvency of either party to the case, but that their duty was to find a verdict according to the law and evidence. The appellant charges that the question of the insolvency of the defendant was a material fact in the case, and that the jury had a right to consider that fact in determining the weight of the defendant's evidence, and whether he was unreasonably defending the action because of his insolvency. It is also urged that

the language of the circuit judge was in violation of the constitutional provision, prohibiting judges from charging with respect to matters of fact.    While we do not concede that there was error in the charge complained of, we are unable to see how it could have resulted in prejudice to the plaintiff. If the defendant was insolvent, and that fact was admitted by him, and, consequently, because of his insolvency, he could not be forced to respond to any judgment obtained by the plaintiff, that fact might have influenced the jury to decide in favor of the plaintiff, upon the theory that they could not cause the defendant to suffer any loss and could give the plaintiff the "empty honor" of a verdict which would bring her no money.    The circuit judge was correct in telling the jury that, so far as the law was concerned, they had nothing to do with the solvency or insolvency of the defendant, for, if the defendant owed plaintiff the money, she was entitled to a verdict against him, regardless of his solvency or insolvency.    If the defendant was not liable, plaintiff was not entitled to a verdict, even if there was no opportunity for her to collect thereon.

We do not think the charge was on the facts, because there was no indication on the part of the judge as to his opinion as to the evidence touching the question of the defendant's insolvency.

The appellant claims that there was error on the part of Judge Mann in refusing the motion for a new trial on the ground of error in his charge, and because of error in admitting evidence bearing upon, and in charging, the issue of whether the plaintiff made an attack upon the defendant's integrity.    We have already disposed of the alleged error as to the charge.

We think the circuit judge properly allowed the introduction of the evidence as to the plaintiff's attack upon the defendant's integrity.    It was brought out in the trial that the defendant had made several payments upon the indebtedness, evidenced by the note made by the plain-

tiff and the defendant. Ordinarily, these payments would be regarded as admissions by the defendant that the debt was his and not the debt of the plaintiff. The defendant explained the payments, with the statement that he made them as an act of kindness to the plaintiff, his wife, and with no intention of making acknowledgment that he was due the plaintiff any money on account of the transaction between them. He further contended that he ceased to make payments when his wife disputed the obligation as her own and when she charged him with dishonesty. In our opinion, the circuit judge was correct in allowing evidence to substantiate the claims of the defendant.

The plaintiff moved for a new trial on after-discovered evidence, which motion was refused by Judge Mann. We do not think there was error on the part of the Circuit Judge in his refusal to grant the motion. It does not appear to this Court that the plaintiff exercised due diligence to secure the evidence of the witnesses whose affidavits she submitted on the motion for a new trial. We are also inclined to the opinion that this testimony of the witnesses was merely cumulative. The rule for securing new trials on after-discovered evidence is well stated in *State v. Tripp,* 133 S. C., 294; 130 S. E., 888. We do not think the Circuit Judge abused his discretion in refusing the motion.

We see no error in the order of the Circuit Judge settling the case for appeal, as we think, under the circumstances of the case, that his order was correct.

We have examined the record in this cause carefully, and it appears to us that the plaintiff and defendant were given a fair and impartial trial by Judge Mann. The errors complained of, as alleged in the exceptions, are technical, rather than substantial. There was a clear-cut issue submitted to the jury, between the parties; evidence of the plaintiff, sole witness for herself, directly conflicted with that of the defendant, sole witness for himself. The jury had the

right to decide the issue submitted, and, under the law, as given by the trial Judge, decided the case in favor of the defendant. We find nothing in the record which we think entitles the plaintiff to a new trial.

It is the judgment of this Court that all the exceptions of the appellant be overruled, and that the judgment and orders of the lower Court be, and the same are hereby, affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY, concur.