0524

Sonny E. SVENNINGSEN and Barbara E. Svenningsen, Appellants, v. H. Ray KNIGHT, Nancy Dianne Knight, and Fred E. Leeke d/b/a Pay-Less Pest Control and Exterminating Company, Respondents.

(333 S. E. (2d) 78)

Court of Appeals

*Judson F. Ayers,* of *Ayers & Anderson,* Greenwood, *for appellants.*

*James D. Jefferies,* of *Jefferies & Fish;* and *Geddes D. Anderson,* Greenwood, *for respondents.*

Heard May 27, 1985.

Decided July 10, 1985.

GOOLSBY, Judge:

In this breach of contract action, Sonny E. Svenningsen and Barbara E. Svenningsen appeal from an order of the trial court granting the motions by the respondents H. Ray Knight, Nancy Dianne Knight, and Fred E. Leeke for judgment notwithstanding the verdict. The trial court in granting the motions set aside a jury verdict in favor of the Svenningsens against the Knights and Leeke in the amount of $11,500 actual damages. We affirm as to Leeke and reverse as to the Knights.

The issues on appeal concern whether the Knights breached the terms of a real estate contract and whether Leeke breached the terms of a termite inspection contract.

On July 18, 1979, the Svenningsens entered into a contract with the Knights to purchase 2.45 acres of land containing a residence and another finished but smaller structure. The Knights used the latter building as a playroom and storage area. The sales contract contained the following provisions among others:

> OFFER Purchaser agrees to buy ... all that ... lot ... of land, with the buildings and improvements thereon ... being described as follows: Lot (2.45 acres) and improvements on Tranquil Road.
>
> CONTINGENCY Property is being sold in "as is" condition with the following stipulations: None.
>
> TERMITES Seller agrees to promptly have property inspected by a bonded pest control firm; to correct any structural damages found and to furnish at closing a certification from said firm stating that the property is free of termites and other wood boring organisms.
>
> INSPECTION All appliances, plumbing, wiring, heating and cooling systems must be in good working conditions at time of closing. Purchaser may inspect ... at his expense these systems and items mentioned prior to the loan closing or occupancy, whichever occurs first. After occupancy or loan closing, whichever occurs first, the Seller is relieved of all responsibility for repairs of any kind.

The Knights paid Leeke, who operated as Pay-Less Pest Control, to conduct the termite inspection called for in the contract of sale.

The parties closed the transaction the latter part of July, 1979. Eight months later, the Svenningsens discovered that the floor of the smaller building, which they had converted into a pool house, had sustained extensive termite damage.

The Svenningsens brought suit against the Knights claiming they had breached the contract of sale and against Leeke claiming he breached his contract to make a proper inspection.

After the jury in answer to specific questions expressly found that both the Knights and Leeke were required to inspect the smaller structure for termites and awarded the

Svenningsens $11,500 in actual damages, the trial court granted the motions by the Knights and Leeke for judgment notwithstanding the verdict. The trial court, after implicitly holding the contract of sale was unambiguous, concluded the termite inspection required by the contract of sale related only to the principal residence and did not include the smaller building. It also held the Svenningsens failed to prove Leeke had contracted to inspect anything more than the principal residence.

We therefore must determine whether the trial court properly granted each motion for judgment notwithstanding the verdict. We look first at the ruling on the motion made by the Knights and then at the ruling on the motion made by Leeke.

## I.

We recognize that written contracts, as a general rule, are to be construed by the court. *Wheeler v. Globe & Rutgers Fire Insurance Co.*, 125 S. C. 320, 118 S. E. 609 (1923). But where a contract is ambiguous or capable of more than one construction, the question of what the parties intended becomes one of fact and the question should be submitted to the jury. *Sirrine v. C. E. Graham Trust Fund*, 136 S. C. 448, 134 S. E. 415 (1926).

In our view, the terms of the contract relating to termite inspection are capable of more than the one construction placed on them by the trial court. The contract requires the seller to have the "property" inspected for termites. The word "property" has a very broad meaning [*Lee & Eastes, Inc. v. Public Service Commission*, 52 Wash. (2d) 701, 328 P. (2d) 700 (1958)] and is most comprehensive. *Woodside v. City of Atlanta*, 214 Ga. 75, 103 S. E. (2d) 108 (1958). It could well have embraced all buildings situated on the property and not simply the principal residence. Indeed, the jury so found.

The trial court erred, therefore, in substituting its judgment for the jury's and in granting the Knights' motion for judgment notwithstanding the verdict.

We have considered the additional sustaining grounds by which the Knights seek to uphold the trial court's granting of their motion for judgment notwithstanding the verdict.

They are: that the Knights were released from their responsibility to inspect the property by the Svenningsens' acceptance at closing of a certificate stating the property was free of termites; that by the terms of the sales contract the Knights had no responsibility to repair the property after occupancy or closing; and that the "as is" provision of the sales contract negated the duty of the Knights to have the property inspected for termites.

The first ground is improper because it was not presented to the trial court as a basis for the Knights' motion for judgment notwithstanding the verdict. *See Lindler v. Baker*, 280 S. C. 130, 311 S. E. (2d) 99 (Ct. App. 1984). The other two grounds lack merit. The provision in the contract relieving the Knights "of all responsibility for repairs of any kind" plainly relates only to "[a]ll appliances, plumbing, wiring, heating and cooling systems" and the "as is" provision did not relieve the Knights of their clear duty to have the property, including the smaller building, "inspected by a bonded pest control firm."

## II.

In determining whether to grant a motion for judgment notwithstanding the verdict, the trial court is required to view the evidence and the inferences that can reasonably be drawn therefrom in the light most favorable to the party resisting the motion and to deny the motion if either the evidence yields more than one inference or its inferences are in doubt. *Holmes v. Black River Electric Co-operative, Inc.*, 274 S. C. 252, 262 S. E. (2d) 875 (1980); *Vacation Time of Hilton Head Island, Inc. v. Lighthouse Realty, Inc.*, 332 S. E. (2d) 781 (S. C. Ct. App. 1985).

There is a singular lack of any evidence to support a verdict against Leeke.

The Svenningsens never contracted with Leeke; however, the Knights through their real estate agent did so and it is this contract on which the Svenningsens based their claim against Leeke.

Although a contract between two persons for the benefit of a third can be enforced by the third person, even if he is not named in the contract [*Wise v. Picow*, 232 S. C. 237, 101 S. E. (2d) 651 (1958)], the record contains no

proof the terms of the agreement between Leeke and the Knights required Leeke to inspect any building other than the main dwelling. In fact, the only evidence in this regard, the service order and the infestation report,[1] suggests that Leeke's inspection obligation was limited to the "dwelling" and did not include "[d]etached ... buildings." The burden, of course, was upon the Svenningsens to prove the terms of the contract between Leeke and the Knights. *See Carter v. Kim,* 157 Ga. App. 418, 277 S. E. (2d) 776 (1981).

Without some proof the inspection contract between Leeke and the Knights required him to inspect all buildings found on the property for termites, Leeke cannot be held to have breached the contract for failure to inspect the building that now serves as the Svenningsens' pool house. Because the evidence fails to establish a right of recovery in the Svenningsens against Leeke, the trial court properly granted his motion for judgment notwithstanding the verdict. *See* 17A C. J. S. *Contracts* § 610 at 1222 (1963).

Affirmed in part and reversed in part.

SANDERS, C. J., and GARDNER, J., concur.

---

[1] We realize this particular document is rather suspect. Although the report is dated "July 1979," it is set forth on a form "[r]evised 3/82."