23586

David JANASIK and Karen Janasik, Respondents-Appellants v. FAIRWAY OAKS VILLAS HORIZONTAL PROPERTY REGIME and Island Regime Management, Inc., Appellants-Respondents.

(415 S.E. (2d) 384)

Supreme Court

*Edward E. Bullard* and *Michael G. Wayman*, Hilton Head Island, *for appellants-respondents*.

*Barry L. Johnson*, of *Biel, Clark & Johnson*, Hilton Head Island, *for respondents-appellants*.

Heard Feb. 20, 1991.

Decided March 2, 1992.

FINNEY, Justice:

Appellants-Respondents Fairway Oaks Villas Horizontal Property Regime (Fairway) and Island Regime Management, Inc., (Island Management) appeal from an order of the master-in-equity holding that appellants-respondents are barred by waiver and equitable estoppel from insisting that Respondents-Appellants David Janasik and Karen Janasik (the Janasiks) adhere fully to certain restrictive covenants governing landscaping of Fairway's condominium complex. The Janasiks appeal from the same order which required removal of certain structures, fixtures and plants installed by the respondents-appellants on the outside of their condominium and enjoining further changes within the common elements. We affirm as modified.

In 1980 the Janasiks purchased Condominium Unit 2494 in Fairway Oaks Villas on Hilton Head Island and became permanent residents in 1985. David Janasik served as a member of Fairway's Board of Administrators from August 1986 to August 1988.

Beginning in 1985, the Janasiks began making gradual changes to the landscape of the general and limited common areas consisting of gardens in the front and rear of their condominium. The gardens contained grass, sprinklers, a bird bath, flowering and climbing plants and other shrubbery, statuary, stepping stones, electric lights and deer fences, some of which were built up and held in place by railroad ties. A substantial portion of these changes were made between August 1987 and April 1989.

By written notice on June 14, 1989, Fairway requested the Janasiks to remove their improvements. On September 15, 1989, the Janasiks instituted this suit against Fairway and Island Management, which contracted with Fairway to maintain the condominium common areas. The Janasiks sought a temporary injunction, monetary damages and to have Fairway permanently enjoined from requiring removal of the landscape improvements, asserting equitable estoppel, the doctrine of waiver, and immunity from selective enforcement of

the covenants and restrictions of Fairway's master deed and by-laws. Fairway and Island Management answered by qualified general denial and counterclaimed for injunctive relief with regard to violation of Fairway's covenants and restrictions. The case was referred to the master-in-equity.

On October 12, 1989, the master held a hearing on the Janasiks' request for a temporary injunction. No record was made of the hearing, and the master has no recollection of what transpired. Counsel for the Janasiks recall that the master, by oral order, enjoined the removal of their modifications. Counsel for Fairway and Island Management recollected that the master did not rule on the motion for a temporary injunction and set the matter for trial on November 10, 1989.

On November 10, 1989, the case was tried and in his order dated November 13, 1989, the master found that the improvements installed by the Janasiks were in violation of the master deed and by-laws. However, he concluded that Fairway and Island Management had waived their rights and were equitably estopped from insisting upon restoration of the landscape except as provided by his order. The master declined to award damages or attorneys fees to any of the parties.

The Janasiks were ordered to remove, within one week, 1) the deer fence from the front and back, 2) the outside lights in the garden, 3) all unauthorized electrical wires from the common elements, and 4) all plants which are or may become affixed to any outside wall. The Janasiks were enjoined from further changing the existing landscape; except if they wished to comply with reasonable modifications requested by Fairway and Island Management or their successors, and claim maintenance by Fairway and Island Management or their successors. The order relieved Fairway and Island Management of any duty to maintain the area in controversy and provided that upon the Janasiks' failure to maintain the subject area, after thirty days from written warning of their intention to so do, Fairway and Island Management were authorized to enter, reduce the common elements to readily maintainable condition and resume maintenance, all at the expense of the Janasiks.

On November 27, 1989, the Janasiks filed a notice and motion to alter or amend judgment and to temporarily stay execution or enforcement of judgment. First, they moved to

strike the portion of the master's order which required removal of "all plants which are or which may become affixed to any outside wall," asserting unequal and unfair application of the law. The Janasiks alleged that climbing plants were in place when their condominium was acquired at which time, and on the date of the motion, such climbing plants were affixed to the outside walls of approximately ten other condominiums adjacent to the Janasiks' unit.

Second, the motion sought clarification of the phrase "lights in the garden" as used by the master in his findings of fact and the phrase "outside lights in the garden" as used in the conclusions of law. The Janasiks claimed the master intended removal of the lights from trees in the garden located between the golf course property and the back of the Janasiks' unit, and not three small "mushroom type" security lamps leading from their front door to the parking lot and located on the opposite side from the garden.

Without a hearing, the master issued an order dated December 4, 1989, in which he denied the motion to alter or amend judgment and ordered the Janasiks to remove all mushroom lights along with all plants growing on outside walls. All parties appealed.

Fairway and Island Management assert that the master erred in the following particulars:

1.  In applying an incorrect standard for the measure of relief which could result from this controversy by ordering an equitable remedy to a legal issue. Fairway argues that contract law should apply.
2.  In applying an insufficient standard in ruling that Fairway was barred by estoppel, waiver or laches from enforcing the restrictions contained in the master deed and by-laws.
3.  In denying its motion for a non-suit based on David Janasik's alleged breach of fiduciary duty by failing to disclose his actions involving Fairway's property and acting in contravention of its master deed and bylaws, in violation of the 1981 South Carolina Business Corporation Act, § 33-13-150.
4.  In reversing the roles of the parties, thereby permitting the Janasiks to assert affirmative defenses which cannot be raised as an avoidance.

The Janasiks, contending the following holdings were contrary to the preponderance of the evidence, argue that the master erred in ruling:

> First, that the "limited common elements" did not include the rear and front yards adjacent to each villa, that they were required to remove all plants affixed to any outside walls, that they were required to maintain the front yard; and Second, that certain improvements be removed, when such relief was neither sought by Fairway and Island Management in their pleadings nor supported by evidence adduced at trial.

We address first the arguments of Fairway and Island Management. The law is clear that equitable estoppel may be enforced in a court of law as well as in equity matters. *See* Am. Jur. (2d), *Estoppel And Waiver*, § 134 (1966). Equitable estoppel is the inhibition to assert such right by reason of mischief following one's own fault and may arise even though there was no intention on the part of the party estopped to relinquish or change any existing right. Prejudice to the other party is an essential element of equitable estoppel.

A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended. The doctrine of waiver does not necessarily imply that the party asserting waiver has been misled to his prejudice or into an altered position. *See Id.* at § 154, 158.

"Where an implied waiver is involved, the distinction between waiver and estoppel is close, and sometimes the doctrines merge into each other with almost imperceptible gradations, so that it is difficult to determine the exact point where one doctrine ends and the other begins." *Id.* Whether a party is barred by estoppel or waiver can only be determined in light of the circumstances of each case.

Fairway and Island Management were not heard to complain of the modifications until June 14, 1989. The record reflects that clearly visible changes to the landscape were made over a period of several years beginning in

1985, that Fairway and Island Management were aware of the changes, and that Mrs. Janasik had at least one discussion with Fairway's agent concerning installation of railroad cross ties prior to their placement. Additionally, the Janasiks expended in excess of $10,000 in making the improvements.

We find that elements of both waiver and estoppel are present and that there is sufficient evidence to support the findings of the master that Fairway and Island Management waived their rights under the master deed and by-laws and are estopped from requiring complete restoration of the landscape. *See Rabon v. Mali,* 289 S.C. 37, 344 S.E. (2d) 608 (1986).

With regard to Fairway's motion for judgment on the pleadings based upon an alleged breach of fiduciary duty on the part of David Janasik, summary judgment is appropriate only when it is obvious that no issue of fact is involved and inquiry into the facts is not desirable. Even when there is no dispute concerning the evidentiary facts, this holds true if there is dispute as to the conclusions which may be drawn therefrom. *Murphy v. Hagan,* 275 S.C. 334, 271 S.E. (2d) 311 (1980). We find evidence in the record to support the master's denial of a nonsuit.

Fairway and Island Management's final allegation is that the master erred in allowing the Janasiks the benefit of affirmative defenses. We agree.

Estoppel and waiver are protective only, and are to be invoked as shields, and not as offensive weapons. Their operation in all cases should be limited to saving harmless or making whole the party in whose favor they arise and should not, in any case, be made the instruments of gain or profit. *See Herring v. Volume Merchandise, Inc.,* 252 N.C. 450, 113 S.E. (2d) 814 (1960); 28 Am. Jur. (2d) *Estoppel and Waiver* § 33 (1966). *See also Ott v. Ott,* 182 S.C. 135, 188 S.E. 789 (1936). While the doctrine of waiver or equitable estoppel may be invoked as affirmative defenses to counterclaims, they may not be asserted in a complaint as offensive weapons.

This Court affirms the master's finding that the record evinces evidence sufficient to support the Janasiks' entitlement to benefits arising in their favor under equitable considerations. However, we reverse so much of his ruling as let stand those portions of the complaint which allege the affirmative defenses of equitable estoppel and waiver.

Finally, the Janasiks' allegations of error concern the master's findings of fact and conclusions of law. They allege that the front and rear areas contiguous to their villa are reserved for their exclusive use and enjoyment, that the master erred in requiring them to remove climbing plants, to maintain the front yard, and that the scope of his order exceeded the relief sought.

Findings of fact based upon a "preponderance" of the evidence are those supported by the greatest "weight, amount, credibility or truth" as reflected by the whole of the evidence before the court, or "evidence which convinces as to its truth." *Frazier v. Frazier*, 228 S.C. 149, 89 S.E. (2d) 225, 235 (1955); *Nettles v. Nettles*, 138 S.C. 318, 136 S.E. 297 (1927).

The master deed, by-laws and testimony support the master's conclusion that "limited common elements" of the condominiums include the rear and front yards. As such, the modifications made by the Janasiks would be in violation of the restrictions. Furthermore, there is evidence that maintenance of the common elements was complicated by the presence of the modifications.

Lastly, Fairway and Island Management prayed in their counterclaim for removal of "all improvements to the common areas of the subject property." We hold that modifications enumerated for removal by the master constitute unauthorized alterations to the common areas and comprise an issue arising between the litigants within the parameters of the pleadings. Hence, this Court rejects the Janasiks' argument that the ruling of the master was not supported by the preponderance of the evidence.

Accordingly, we affirm this case with the modification that the master erred in failing to strike from the complaint the allegations of waiver and estoppel.

Affirmed as modified.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.