THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Blondell Terry, Respondent,
 v.
 Emory Brown and
 Virginia R. Hamilton as Delinquent Tax Collector, Defendants,
 Of whom Emory
 Brown is Appellant.
 
 
 

 
Appeal From Berkeley County
Robert E. Watson, Master-In-Equity

Unpublished Opinion No. 2008-UP-413
 Submitted May 1, 2008  Filed July 21,
2008    

AFFIRMED 

 
 
 
 Ronald L. Richter, of Charleston, for Appellant.
 Ernie L. Mixon, of Monks Corner, for Respondent.
 
 
 

PER CURIAM:  Emory
 Brown appeals the order of the master finding the tax sale of Blondell Terrys
 property was void.  Specifically, Brown maintains the tax sale notices did not
 violate the statutory requirements and Terry waived her rights to challenge the
 tax sale by accepting the surplus proceeds of the sale.  We affirm.[1]   
FACTS
Terry
 failed to timely pay her taxes for the year 2001.  Pursuant to statutory
 authority, the county mailed Terry a notice of delinquency.  When thirty days passed
 with no response, the county mailed Terry a certified notice with restrictive
 delivery, which was returned unclaimed after three attempts to notify Terry.  Because
 Terry did not claim her notice, the county posted a tax sale notice on Terrys
 property.  The county also advertised the sale of the property in the local
 newspaper for three consecutive weeks.  Brown was the successful bidder at the
 tax sale and obtained the tax deed for the property on March 18, 2004.  After
 the tax sale, Terry was notified by mail she was entitled to a check for the surplus
 proceeds of the sale of her property, which she picked up and deposited into
 her bank account.
After
 the tax sale, Terry brought an action to set aside the tax deed based on
 defects in the sale.  On June 23, 2006, the matter was referred to the master
 and the case was tried on October 3, 2006.  During the trial, Terry testified
 she was unaware the check came from the sale of her property.  Terry also
 testified she never received notice by mail or posting that her house was going
 to be sold at a tax sale.  Terrys son, who lived with his mother, also
 testified he never saw a posting on the land.  During the trial, the defendants
 did not present a copy of the notice of delinquent property taxes mailed to
 Terry.  The defendants also did not present any testimony from the employees
 who posted the notice on Terrys land or from the clerk who gave Terry the
 check from the sale of her land.
On
 March 1, 2007, the master entered a final order finding the tax sale void for
 defects in the notices that created artificial deadlines and contradicted the
 statutory language.  The master also found Terry did not waive her rights to
 challenge the tax sale even though she accepted and deposited a check for the
 surplus proceeds from the sale of her property.  Brown filed a Rule 59(e),
 SCRCP, motion to reconsider, which was denied after a hearing on the motion.  This
 appeal followed.     
STANDARD OF REVIEW
Our scope of review for a case heard by a [m]aster
 permits us to determine facts in accordance with our own view of the
 preponderance of the evidence.  Smith v. Barr, 375 S.C. 157, 160, 650
 S.E.2d 486, 488 (Ct. App. 2007); see also Folk v. Thomas, 344
 S.C. 77, 80, 543 S.E.2d 556, 557 (2001) (finding an action to set aside a tax
 deed rests in equity, thus, an appellate court may take its own view of the
 preponderance of the evidence).  However, we are not required to disregard the
 factual findings of the master, who saw and heard the witnesses and was in a
 better position to judge their credibility.  Smith, 375 at 160, 650
 S.E.2d at 488.
LAW / ANALYSIS
I.  Delinquent
 Tax Notices
Brown
 alleges the master erred by ruling the tax sale notices contained artificial
 deadlines for the payment of taxes, rendering the tax sale void.  We disagree.  
Section 12-51-40 of
 the South Carolina Code provides the procedure for notifying delinquent taxpayers
 that property will be sold to collect owed tax monies.  S.C. Code Ann. §
 12-51-40 (Supp. 2007).  Tax sales of property pursuant to the statute must be
 conducted in strict compliance with its requirements.  In re Ryan Inv. Co.,
 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999).  In Rives v. Bulsa, 325
 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct. App. 1996), the court determined the
 notice provision in the statute is a jurisdictional requirement:

 [T]he
 general law is that where a statute requires as a condition precedent to
 foreclosing a taxpayers rights in property sold for taxes that he be given
 notice of his right to redeem, such a requirement is generally regarded as
 jurisdictional, and therefore, the owners right of redemption cannot be cut
 off unless the required notice is given.  

 Failure to give the
 required notice is a fundamental defect in the tax proceedings which renders the
 proceedings absolutely void.  Id.
Section 12-51-40(b)
 mandates [a]ll delinquent notices shall specify that if the taxes,
 assessments, penalties, and costs are not paid before a subsequent sales
 date, the property must be duly advertised and sold for delinquent property
 taxes, assessments, penalties, and costs. (emphasis added).  Section 12-51-40(c)
 further provides if a certified mail notice is returned, a notice must be
 posted at one or more conspicuous places on the premises, in the case of real
 estate, reading: Seized by person officially charged with the collection of
 delinquent taxes of (name of political subdivision) to be sold for delinquent
 taxes.  S.C. Code Ann. § 12-51-40 (Supp. 2007).
In Hawkins v.
 Bruno Yacht Sales, Inc., 353 S.C. 31, 577 S.E.2d 202 (2003), the supreme court
 held the two notices at issue created artificial deadlines for payment, which contradicted
 the statutory language.  The language in the first notice stated, [i]f not
 paid on or before 31 August this property will be duly advertised and sold for
 delinquent taxes as described above on the first Monday in October this year.  Id. at 37, 577 S.E.2d at 205.  The second notice stated the property
 was subject to a sale on October 2, but also provided [a]ll tax payments must
 be received by September 15, 1995 to avoid your name and property being
 advertised in The Beaufort Gazette and The Island Packet.  Id.  
The supreme
 court found the August and September deadlines were artificial because the
 sales date was October 2, and the deadlines gave the impression the taxes had
 to be paid weeks before the sale date.  Id. at 38, 577 S.E.2d at 206. 
 The court added the statute does not provide that the County set a date, other
 than the sales date, after which the taxpayer can no longer pay his delinquent
 taxes before the County can begin advertising.  Id.
Here,
 the notice mailed to Terry set the date of sale for her property as November,
 4, 2002; however, the notice also provided, if the outstanding taxes,
 assessments, penalties and costs due on the property described below are not
 paid before October 10, 2002, the property must be advertised for sale in a
 newspaper of general circulation.  The additional language in the notice gave
 the impression Terry had to pay the taxes weeks before the date of sale, which created
 an artificial deadline for payment of taxes before the set sales date of November
 4, 2002.  Additionally, the notice posted on Terrys property set the sale date
 as November, 4, 2002, but contained additional language stating if not paid by
 October 10, 2002 a total cost $100.00 will accrue [for expenses related to the
 levy, seizure, and sale of the property].  This language also created an
 artificial deadline.  
Therefore,
 because the tax sale notices contained additional language and dates other than
 the sales date, they created artificial deadlines that contradicted the
 statutory language.  See id.  Thus, the master correctly found
 the tax sale was void.
II. 
 Surplus Proceeds
 Brown
 also asserts Terry waived her right to object to the sale by accepting and
 depositing a check for the surplus proceeds of the tax sale.  We disagree.
A
 waiver is a voluntary and intentional abandonment or relinquishment of a known
 right.  Janasik v. Fairway Oaks Villas Horizontal Prop. Regime, 307
 S.C. 339, 344, 415 S.E.2d 384, 387 (1992).  Generally, the party claiming
 waiver must show that the party against whom waiver is asserted possessed, at
 the time, actual or constructive knowledge of his rights or of all the material
 facts upon which they depended.  Id. at 344, 415 S.E.2d at 387-88.  The
 burden of proof of waiver is on the party asserting it.  NationsBank v.
 Scott Farm, 320 S.C. 299, 303, 465 S.E.2d 98, 100 (Ct. App. 1995).
The
 master found Brown did not present any credible evidence to establish Terry
 intended to waive her rights to challenge the tax sale.  Terry testified she
 was unaware the money was from the tax sale of her property.  Brown did not
 present any testimony to rebut Terrys testimony.  Therefore, the master
 correctly found Terry did not waive her claims against Brown regarding the sale
 of her property.
CONCLUSION
Accordingly,
 the order of the master is 
AFFIRMED.
HEARN,
C.J., and SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.