**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First Citizens Bank & Trust Company, Respondent,

v.

Linda P. Faulkner a/k/a Linda Faulkner, Founders Federal Credit Union, and CACH, LLC, Defendants,

Of whom Linda P. Faulkner is the Appellant.

Appellate Case No. 2018-001823

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-162
Submitted March 1, 2021 – Filed May 12, 2021

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellant.

Joseph Kershaw Spong and Mary McDonald Campolong, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia for Respondent.

———————

**PER CURIAM:** Linda P. Faulkner appeals a circuit court order striking her demand for a jury trial in a foreclosure action filed against her by First Citizens

Bank & Trust Company (FCB) and an order issued by the Lancaster County Clerk of Court referring the matter to a special referee. Faulkner argues she did not receive timely service of the motions requesting the orders and was entitled to a jury trial on issues raised in her responsive pleading. We affirm.

FCB filed this action in 2017 to foreclose on two mortgages given by Faulkner to its predecessor in interest. In her responsive pleading, Faulkner demanded a jury trial and alleged express and implied waivers by FCB to any claim of default, several violations in 2008 by FCB of federal truth in lending laws, unfair debt collection practices by persons acting on behalf of FCB, and breach by FCB of a duty of good faith. Subsequently, FCB filed motions for an order of reference in the matter and an order striking Faulkner's jury trial demand. No hearings took place, and both the order granting the motion to strike the jury trial and the order of reference were filed.

Rule 39(a), SCRCP, provides for a jury trial on all issues for which a jury trial has been demanded "unless . . . the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist." There is no requirement in the rule that the court must hold a hearing before deciding a jury trial is not warranted. Furthermore, a clerk of court can refer some or all of the causes of action in a foreclosure case to a master or referee. Rule 53(b), SCRCP; *see also Orders of Reference in Foreclosure Cases*, 2010-07-15-01 (S.C. Sup. Ct. dated July 15, 2010) (noting clerks of court, as well as circuit court judges, are authorized to sign orders of reference pursuant to Rule 53(b), SCRCP, in foreclosure actions).

To the extent that orders were issued without adequate notice to Faulkner of FCB's motions, we note Faulkner was served with the motions and was also ultimately heard on the motions when she moved to alter or amend the orders; thus, any error resulting from alleged lack of notice was cured, and Faulkner failed to show prejudice from the alleged procedural irregularity. *See Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 73, 492 S.E.2d 62, 74 (1997) ("[A]lthough the Court condemns *ex parte* communication, it has refused to adopt a *per se* rule automatically reversing rulings which result from *ex parte* communications. Instead, the Court considers whether prejudice results from the *ex parte* contact."); *S.C. Nat'l Bank v. Cent. Carolina Livestock Mkt., Inc.*, 289 S.C. 309, 313, 345 S.E.2d 485, 488 (1986) ("Due process does not mandate any particular form of procedure. Instead, due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur.").

We further agree with the circuit court that Faulkner's claims of express and implied waivers were not compulsory legal counterclaims that would have entitled her to a jury trial. *See Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 329, 755 S.E.2d 437, 441 (2014) ("If the complaint is equitable and the counterclaim is legal and compulsory, the plaintiff or the defendant has a right to a jury trial on the counterclaim."). The only relief Faulkner requested from these claims was dismissal of FCB's foreclosure action; thus, the claims were in the nature of defenses rather than counterclaims. *See* Rule 8(a), SCRCP (noting a counterclaim, like an original claim, must include "a prayer or demand for judgment for the relief to which [the pleader] deems himself entitled"); Rule 8(b), SCRCP (requiring a defendant to "state in short and plain terms the facts constituting his defenses to each cause of action asserted"). Furthermore, such claims are equitable rather than legal. *See Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 345, 415 S.E.2d 384, 388 (1992) ("Estoppel and waiver are protective only, and are to be invoked as shields, and not as offensive weapons."); *id.* (further prohibiting the assertion of waiver and equitable estoppel "in a complaint as offensive weapons").

Although Faulkner requested actual and statutory damages as well as attorney's fees on her claim for truth in lending violations, this request is not dispositive on the question of whether the claim was legal or equitable. *See Thomerson v. DeVito*, 430 S.C. 246, 259, 844 S.E.2d 378, 385 (2020) ("A request for monetary relief should not be viewed in isolation to convert what is otherwise an equitable claim to a legal claim."); *id.* at 260, 844 S.E.2d at 385 ("[M]onetary relief is not properly characterized as legal if the source for its recovery lies solely in a principle of equity. The claim—and the remedy—are still equitable because the recovery does not exist at law but is provided solely to avoid injustice in a court of equity."). Because the truth in lending violations allegedly occurred in 2008, they could not be the basis for any affirmative relief; rather, Faulkner could assert them only if she alleged an "equitable defense of recoupment." *See* 15 U.S.C.A. § 1640(e) (Supp. 2020) (stating "an action alleging a violation of federal truth in lending laws "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . "); *id.* (allowing assertion of a "violation of this subchapter in an action to collect [a] debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law"); *Toluka Affiliates, Inc. v. Moore*, 275 S.C. 199, 202, 268 S.E.2d 293, 295 (1980) (stating section 1640(e) "may not be used to defeat the equitable defense of recoupment" but "may be

interposed to bar an affirmative counterclaim or set-off").  Thus, Faulkner's allegations of truth in lending violations could be asserted only as equitable defenses to the foreclosure action and did not entitle her to a jury trial.

Therefore, we hold the circuit court correctly upheld both its prior order striking Faulkner's jury trial demand and the order of reference issued by the clerk of court.[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] Faulkner does not assert on appeal that her claims for breach of duty of good faith and for unfair debt collection practices were compulsory legal counterclaims; therefore, we do not address the question of whether she would have been entitled to a jury trial on these causes of action.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.